UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
TY HARRIS,                                              )
                                                            )
                                                            )
                        Plaintiff                         )
                                                            )
v.                                                           )          CV No. 06-638( RJL)
                                                            )
CHIEF CHARLES RAMSEY AND              )
THE DISTRICT OF COLUMBIA,               )
                                                            )
                                                            )
                        Defendants                      )
                                                            )
_____)_

DEFENDANTS DISTRICT OF COLUMBIA AND
CHIEF CHARLES RAMSEY'S
MOTION TO DISMISS

       Defendant District of Columbia ("the District") and Chief Charles Ramsey,  by

and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully

move this Court dismiss Plaintiff's complaint.   The grounds for the motion are:

1.  The complaint identifies Chief Charles Ramsey in his official capacity, but fails to

allege a single act of wrong doing against him, and should therefore be dismissed for

failure to state a claim.

2.   The claims against Chief Charles Ramsey in his official capacity are duplicative

or   identical  to claims against his employer, Defendant District of Columbia, and should

therefore be dismissed in the interest of judicial efficiency.

3.    The Plaintiff failed to state a claim for municipal liability under 42 U.S.C. § 1983

because the plaintiff has not offered any facts to indicate that his injury was caused by a policy or custom of the District.

4.    The Plaintiff failed to state a claim for negligence because the Complaint does not allege that the District breached a duty and intentional torts claims must be plead separately from negligence claims.

5.    The Plaintiff cannot recover punitive damages because the District of Columbia, as a municipal corporation, is protected from punitive liability absent extraordinary circumstances.

A memorandum of points and authorities in support of this motion and a proposed order are attached.

<div style="margin-left: 40%;">

Respectfully Submitted,

ROBERT SPAGNOLETTI
Attorney General for the
District of Columbia, D.C.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY M. JOHNSON (#435163)
Chief, General Litigation Section I

_____
MELVIN W. BOLDEN, JR. (192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625 (Fax)

</div>

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of the foregoing Motion to Dismiss was delivered electronically to Edward J. Elder, Klimaski & Associates, PC.


                                 _____
                                 MELVIN W. BOLDEN, JR.
                                 Assistant Attorney General
                                 441 Fourth St., N.W.
                                 Sixth Floor South
                                 Washington, D.C. 20001
                                 (202) 724-5695
                                 (202) 727-3625 (Fax)
                                 Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

                                        )
TY HARRIS,                              )
                                        )
                                        )
              Plaintiff,                )
                                        )
v.                                      )        CV No. 06-638 (RJL)
                                        )
CHIEF CHARLES RAMSEY AND                )
THE DISTRICT OF COLUMBIA,               )
                                        )
                                        )
              Defendants                )
                                        )
_____)


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF
CHARLES RAMSEY'S MOTION TO DISMISS


PRELIMINARY STATEMENT

The Complaint alleges that on July 20, 2004 at approximately 9:00p.m., Plaintiff was driving on Wisconsin Avenue, N.W., when he was pulled over by Metropolitan Police Officer Tolliver.  (Compl. ¶¶ 8,9).  When Officer Tolliver approached Plaintiff's car, he stopped and looked at Plaintiff first, then allegedly pointed his gun at Plaintiff and ordered him to get out of the car and keep his hands up.  (Compl. ¶ 10).  Officer Tolliver proceeded by calling for backup officers.  (Compl. ¶ 13).  When the backup officers arrived, they asked Plaintiff why he had been pulled over, but he responded that he did not know.  (Compl. ¶ 14).  Officer Tolliver put his gun away, asked Plaintiff if he had a weapon, and asked him what was under his car seat.  (Compl. ¶ 15).  Officer Tolliver then searched Plaintiff's car, but the only item he found was a plastic bag.  (Compl. ¶ 16).

The officer then told Plaintiff that an unnamed individual told him to check under Plaintiff's seat for something. (Compl. ¶18). Afterwards, Officer Tolliver told Plaintiff his badge number and initials, and gave Plaintiff permission to leave. (Compl. ¶¶ 20, 21). The Complaint contains no specific allegations against Chief Charles Ramsey.

<u>STANDARD OF REVIEW</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. <u>Haynesworth v. Miller</u>, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). <u>Id</u>. The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." <u>Kowal v. MCI Communications Corp</u>., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

<u>ARGUMENT</u>

I. <u>The Complaint Fails to State a Claim As To Chief Charles Ramsey</u>
<u>Because It Does Not Allege A Single Act of Wrong Doing As To Him</u>

The Complaint identifies Chief Charles Ramsey as a Defendant, but fails to state facts that support a claim against him. Chief Ramsey was not present at the incident

alleged in the Complaint and Plaintiff does not allege that Chief Ramsey was negligent or violated his Constitutional rights.  As such, Plaintiff's complaint fails to state a claim against the Chief Ramsey as a matter of law and he should be dismissed from the case.

II.    THE CLAIM AGAINST DEFENDANT POLICE CHIEF RAMSEY IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF THE CLAIM AGAINST THE DISTRICT OF COLUMBIA.

A tort action brought against a city official in his official capacity is equivalent to an action against the city itself. See Barnes v. District of Columbia, 2005 U.S. Dist. LEXIS 10435 (D.D.C. 2005) (dismissing 42 U.S.C. § 1983 and various tort claims against the mayor in his official capacity); Estate of Phillips v. District of Columbia, 257 F. Supp. 2d 69, 84 (D.D.C. 2003) (dismissing intentional tort claims brought against District of Columbia fire department officials in their official capacities). "[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Kentucky. v. Graham, 473 U.S. 159, 166 (1985). Because it is duplicative to name both a governmental entity and the entity's employees in their official capacity, claims against individuals named in their official capacity are, "redundant and an inefficient use of judicial resources." Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997).

Chief Ramsey is listed as a party in the complaint solely in his official capacity. Since the claims against Defendant Ramsey in his official capacity are duplicative of the same claims against Defendant District of Columbia, the claims against Defendant Ramsey should be dismissed in the interest of efficient use of the Court's resources. See id.

III.     THE CONSTITUTIONAL CLAIM AGAINST DISTRICT OF COLUMBIA
MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO
STATE A CLAIM FOR MUNICIPAL LIABILITY
UNDER 42 U.S.C § 1983.

Plaintiff's claim that the District violated his Constitutional rights actionable

pursuant to 42 U.S.C. § 1983 should be dismissed.  As explained in Monell v. Dep't of

Social Servs. Of the City of New York, the District can be held liable for the plaintiff's

constitutional claims only if the plaintiff alleges facts that indicate his injury was caused

by a policy or custom of the District.  436 U.S. 658, 694 (1978); See also City of

Oklahoma City v. Tuttle, 471 U.S. 808, 824 (1985).  According to the Supreme Court

decision in Monell:

> A local government may not be sued under § 1983 for an injury inflicted
> solely by its employees or agents.  Instead, it is when execution of a
> government's policy or custom. . . inflicts the injury that the government
> as an entity is responsible under § 1983.  436 U.S. at 694.

The Supreme Court further held in Oklahoma City that, "at the very least there

must be an affirmative link between the policy and the particular constitutional violation

alleged."  471 U.S. at 824.  The court in Oklahoma City interpreted Monell as holding

that "municipal liability should not be imposed *when the municipality was not itself at

fault*.  Id. at 818 (emphasis added).

The court noted that a municipality is liable under § 1983 in two circumstances.

Either the policy is unconstitutional, where the policy is attributable to a policy maker, or

the policy is constitutional but caused an unconstitutional deprivation of rights.  See City

of Oklahoma, 471 U.S. at 824.  The latter case requires more proof than a single incident

to establish fault on the part of the municipality and a causal connection between the policy and the rights violation. Id.

In the present case, even with all reasonable inferences taken in favor of the plaintiff, the facts alleged in the Complaint cannot permit a finding of a District policy or custom that allows police officers to pull citizens over, point a gun, or yell at them without probable cause. Furthermore, even if such a far-stretched inference could be made, Plaintiff does not provide factual support that the incident alleged in the Complaint was the result of a District policy. Therefore, the plaintiff has failed to produce any facts to support his allegation of a rights deprivation.

Although there is no heightened pleading requirement, a § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue. Dorman v. District of Columbia, 888 F.2d 159, 162 (D.C. Cir. 1989); Dant v. District of Columbia, 829 F.2d 69, 77 (D.C. Cir. 1987). A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983, and that claim must be dismissed. Dant, 829 F.2d at 76.

In Dant, the plaintiff was unlawfully detained by the District of Columbia police for several hours. Id. at 71. In his complaint against the District, the plaintiff alleged that the District violated plaintiff's Fifth and Fourteenth Amendment Constitutional rights. However, the court found that the plaintiff's complaint was insufficient to support a claim against the District because the complaint did not show a deprivation of rights "'under color of any statute, ordinance, regulation, custom, or usage of any State.'" Id. (quoting Monell, 346 U.S. at 691.

In the present case, the plaintiff's complaint fails to state an actionable § 1983 claim against the District similar to the plaintiff in <u>Dant</u>.  While the Complaint vaguely refers to a violation of Plaintiff's rights when police officers screamed at him, the plaintiff fails to mention which policy of the district caused the alleged violation. Therefore, plaintiff has failed to produce any indication of the causal link between a District policy and the violation of his rights. Assuming *arguendo* that the plaintiff could identify a causal link between some District policy and pulling citizens over, yelling at them, and pointing a gun at them without probable cause, the court requires more than a single incident to prove that a District policy caused a deprivation of rights.  Since plaintiff has not alleged more than a single incident, he cannot meet the standard outlined in <u>Monell</u> and <u>City of Oklahoma</u> to make a claim under § 1983.  Therefore, plaintiff's § 1983 claim should be dismissed as against the District because plaintiff cannot prove a deprivation of his constitutional rights under the color of any law.

### IV.    PLAINTIFF'S "NEGLIGENCE" CLAIM SHOULD BE DISMISSED, BECAUSE THE FACTS ALLEGED SUPPORT ONLY A CLAIM FOR ASSAULT, BATTERY, AND FALSE ARREST.

Plaintiff's First Cause of Action in the Complaint, entitled "Negligence, " alleges that the defendants "acted negligently in performing their duties as police officers." (Complaint, ¶ 23).  This language, in conjunction with the facts alleged in the plaintiff's Complaint, cannot support a claim for negligence.  Instead, even making all reasonable inferences in favor of the plaintiff, it is clear that his complaint can be read to allege only *intentional* torts, such as assault, battery, and false arrest.

### The Plaintiff Cannot Recover under "Negligent Assault and Battery," Because No Such Cause of Action Exists.

The plaintiff's complaint impermissibly alleges negligence while providing factual support for an alleged assault and battery claim.  However, a negligence claim and an intentional tort claim are two conflicting theories that cannot be combined "into a single cause of action, in essence pleading a non-existent cause of action." Sabir v. District of Columbia, 755 A.2d 449, 452 (D.C. 2000).  As the Court stated in Sabir, "[t]here is no such thing as a negligent assault." Id. (quoting 1 F. Harper & F. James, The Law of Torts § 3.5 at 3:19 (3d ed. 1996)).  "In other words, a plaintiff cannot seek to recover by 'dressing up the substance' of one claim, here assault, in the 'garments' of another, here negligence." Id., (quoting United States Nat'l Ins. Co. v. The Tunnel, Inc., 988 F.2d 351, 354 (2d Cir. 1993)).

In fact, the D.C. Court of Appeals has ruled that it is impossible, as a matter of law, to commit a "negligent" arrest or battery.  In Chinn v. District of Columbia, 839 A2d 701 ( DC 2003), the plaintiff alleged that the defendant police officers pulled him out of his car and repeatedly beat him with a blunt object.  The trial court allowed the plaintiff to submit both negligence and assault and battery claims to the jury.  The Court of Appeals reversed the jury verdict, ruling that the trial court had erred by allowing the plaintiff to pursue a separate and distinct cause of action for negligence.  The court explained that, "Where the excessive force is the product of a battery, an unwanted touching inherent in any arrest, which escalates in an unbroken manner into excessive force, the cause of action is for battery alone." Id.  In other words, "[t]he battery did not transmogrify into negligence by the fact that officers may have in the process mistakenly crossed the line of permissible force." Id.  See also Sabir, 755 A.2d at 452 ("it is settled that a person cannot negligently commit an intentional tort."); Maddox v. Bano, 422 A.2d

763, 764-65 (D.C. 1980) (holding that plaintiff—who alleged that officers "carelessly and negligently" fractured his arm during an arrest—could not claim negligence, writing, "[t]he terms 'carelessly and negligently' are conclusory assertions, and without more the complaint does not raise a cognizable claim of negligence…. Moreover, the trial court was not bound by plaintiff's characterization of the action.")[1]; District of Columbia v. Tinker, 691 A.2d 57, 64 (D.C. 1997) (following and quoting Maddox, holding that plaintiff who allegedly was hit and knocked down by officers could not state a claim for negligence and thus avoid the one-year statute of limitations for intentional torts, because "excessive force is a term of art denoting an act of assault or battery by law enforcement officials committed in the course of their duties" and "nothing in the case law on excessive force even 'hints at an element of negligence, or a tort distinct from assault and battery.'").

The holdings in Chinn, Maddox, Tinker, and Sabir uniformly stand for the proposition that a plaintiff cannot avoid the one-year statute of limitations governing intentional torts by claiming that an intentional act also was negligent. Here, the plaintiff has alleged facts that only can support claims for assault and battery, false arrest, and/or malicious prosecution. The plaintiff claims that he was pulled over without provocation and a police officer pointed a gun at him and started yelling. (Compl. ¶¶ 10, 11). Upon the arrival of backup officers, Officer Tolliver began to question Plaintiff about a weapon and what was under the seat of his car. (Compl. ¶ 15). The Officer told the Plaintiff that someone in another car gave him a tip to check under Plaintiff's seat. (Compl. ¶ 18). The plaintiff therefore clearly alleges only *intentional* conduct. He does not claim that

---

[1] Because the plaintiff in Maddox had not filed his complaint within the one-year statute of limitations established for intentional torts, his entire claim was dismissed. Maddox, 422 A.2d at 764-65.

any of his injuries were caused by a negligent, reckless, or careless act.  Instead, he claims that their conduct was intentional and malicious.

In the present case, plaintiff is barred by the statute of limitations from asserting a claim for assault, battery and false arrest.  The incident alleged in the Complaint occurred on July 20, 2004.  Compl. ¶ 8.  However, plaintiff did not file suit until April 6, 2006.  Therefore, plaintiff would be bringing the assault, battery, false arrest, and malicious prosecution claims a year and a half after the incident.  <u>See</u>, D.C. CODE § 12-301(4). Simply put, the plaintiff is attempting to avoid the statute of limitations bar by "dressing up" his assault and battery claim in the "garments" of a negligence claim, which is subject to a three-year statute of limitations.  <u>Sabir</u>, 755 A.2d at 452.  The acts that plaintiff has described in his complaint, amount to intentional torts.   Therefore, plaintiff's claim of negligence must be dismissed for failure to state a claim on which relief can be granted.

### IV. <u>PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES FROM THE DISTRICT OF COLUMBIA BECAUSE IT IS A MUNICIPAL CORPORATION AND AS SUCH IS NOT SUBJECT TO PUNITIVE LIABILITY.</u>

Plaintiff's complaint demands punitive damages against the defendant.  The District of Columbia as a municipal corporation may not be held liable for punitive damages absent extraordinary circumstances or a statutory authority. Neither is present here.  <u>Daskalea v. District of Columbia</u>, 227 F.3d 433, 447 (D.C. Cir. 2000);  <u>Smith v. District of Columbia</u>, 336 A.2d 831, 832 (D.C. App. 1975<u>); Reiser v. District of Columbia</u>, 183 U.S. App D.C. 375, 394-395, 563 F.2d  462 (1977).  In <u>Smith v. District of Columbia,</u> supra, the Court held that:

Absent extraordinary circumstances not present here, we agree with the weight of authority and conclude the District of Columbia is not liable for punitive damages.

In Smith v. District of Columbia, supra, the complaint alleged an intentional tort of false arrest, and the jury rendered a verdict for compensatory damages for the intentional torts of false arrest and assault.  In affirming the trial Court's refusal to submit the issue of punitive damages to the jury, the Court of Appeals stated:

> "[T]he clear weight of authority in the states *** that as a general rule there can be no recovery of punitive damages against a Municipality absent a statute expressly authorizing it.  There is no such statute in this jurisdiction *** (footnote omitted).

In so holding, the District of Columbia Court of Appeals relied on a long line of cases in other jurisdictions holding that there can be no punitive damages against a municipality in the absence of a statute expressly authorizing it.  See e.g., Euge v. Trantina, 422 F.2d 1070, 1074 (8th Cir., 1970) Fox v. City of West Palm Beach, 383 F.2d 189, 195 (5th Cir. 1967).

In Reiser v. District of Columbia, supra, the Court ruled that it need not determine the outlines of the "extraordinary circumstances" that might permit a punitive damage award against the District of Columbia.  Yet, it went on to hold in that case that the facts were absent that would have permitted the award of punitive damages even against an ordinary corporation.  183 U.S. App. D.C. at 394, 395.

Relying upon municipal corporations' recognized immunity from punitive damages under the common law, the Supreme Court squarely held that Congress similarly intended that municipalities be absolutely immune from awards of punitive damages in actions under 42 U.S.C. § 1983.  City of Newport v. Fact Concerts, Inc., 453

U.S. 247 (1981).  There, the Court reversed an award of punitive damages against the city

on the sole ground of this absolute immunity.  Immunities possessed by municipalities

like this one are also fully applicable in actions brought directly under the laws of the

United States.  Tarpley v. Greene, 684 F.2d 1, 11 (D.C. Cir. 1982).  Therefore, the

holding of City of Newport v. Fact Concerts, Inc., supra requires dismissal of the

plaintiff's punitive damages demands.

        In sum, the nature of the instant lawsuit cannot support a claim for punitive

damages, or even if it could, such punitive damages could not be awarded against the

District of Columbia absent extraordinary circumstances  because municipal corporations

are not subject to liability for punitive damages.

<div align="center">CONCLUSION</div>

        For the foregoing reasons and pursuant to Federal Rules of Civil Procedure

12(b)(6), Defendants District of Columbia and Chief Charles Ramsey respectfully request

that the Court dismiss Plaintiff's Complaint against them.


                        Respectfully Submitted,

                        ROBERT SPAGNOLETTI
                        Attorney General for the
                        District of Columbia, D.C.


                        GEORGE C. VALENTINE
                        Deputy Attorney General
                        Civil Litigation Division


                        _____
                        KIMBERLY M. JOHNSON (#435163)
                        Chief, General Litigation Section I

_____
MELVIN W. BOLDEN, JR. (192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625 (Fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
TY HARRIS,                          )
                                    )
                                    )
                Plaintiff           )
                                    )
v.                                  )        CV No. 06-638( RJL)
                                    )
CHIEF CHARLES RAMSEY AND            )
THE DISTRICT OF COLUMBIA,           )
                                    )
                                    )
                Defendants          )
                                    )
_____)

## ORDER

Upon consideration of the Defendants District of Columbia and Chief Charles Ramsey's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, the plaintiffs' opposition thereto, and the record herein, it is this ____day of _____, 2005.

ORDERED: That the Motion is GRANTED; and it is further

ORDERED: that the plaintiff's complaint against the District of Columbia and Chief Charles Ramsey be and hereby is DISMISSED.

_____
RICHARD J. LEON
United States District Judge