UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TY HARRIS,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**CHARLES H. RAMSEY, CHIEF,**<br>**District of Columbia Metropolitan**<br>**Police Department,** *et al.,*<br><br>      **Defendants.** | **Civil Action No. 06-0638 (RJL)** |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### PLAINTIFF'S MOTION TO AMEND COMPLAINT

#### I.  STATEMENT OF THE CASE

On April 6, 2006, Ty Harris filed a Complaint alleging acts of negligence and violations of his civil rights by Metropolitan Police Department (MPD) Chief Charles H. Ramsey, the District of Columbia, and MPD Officer J.K. Tolliver.  Mr. Harris alleges that, on July 20, 2004, as he was driving on Wisconsin Avenue, Officer Tolliver pulled him over.  Without provocation, Officer Tolliver began screaming at Mr. Harris, ordered him out of the car, and pointed a gun at Mr. Harris' head.  Officer Tolliver eventually let Mr. Harris go after calling for backup and searching Mr. Harris' car.

On July 24, 2006, Defendants District of Columbia ("the District") and Chief Ramsey filed a motion to dismiss the complaint against them.[1]  These Defendants asserted that the Complaint did not state valid claims against them, thus justifying a dismissal.

---

[1] Mr. Harris has not yet served Officer Tolliver.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure (FRCP) 15(a) provides for amending a pleading "once as a matter of course at any time before a responsive pleading is served." Courts liberally permit amendments to Complaints. Foman v. Davis, 371 U.S. 178, 182 (1962). The District of Columbia Circuit follows the Foman rule. Childers v. Mineta, 205 F.R.D. 29, 31 (D.D.C. 2001). Further, a motion to dismiss is not a responsive pleading under FRCP 15(a). Bowden v. United States, 176 F.3d 552, 555 (U.S. App. D.C. 1999).

## III. DISCUSSION

**A.     The Amendments Correct the Deficiencies Defendants Allege in Their Motion to Dismiss.**

Mr. Harris' amendments to the complaint correct the alleged deficiencies that Defendants District of Columbia and Chief Ramsey claim as grounds to dismiss them from this action. Specifically, the Defendants state that: (1) the complaint failed to state a claim against Chief Ramsey, (2) the claims against Chief Ramsey were duplicated by or identical to claims against the District, (3) Mr. Harris failed to state a claim for municipal liability under 42 U.S.C. §1983, (4) Mr. Harris failed to state a claim for negligence against the District because there were no allegations that the District breached any duty to Mr. Harris, and (5) the District was immune from Mr. Harris' punitive damages claims absent extraordinary circumstances.

The United States Supreme Court permitted a corrective motion in Forman 371 U.S. AT 178. In Foman the plaintiff first based her action on performance on an oral contract. After the court dismissed the action under the state statute of frauds, the plaintiff moved to vacate the

dismissal and amend her complaint to assert recovery in *quantum meruit*. The Supreme Court ruled that such an amendment should be permitted under FRCP 15(a).

**B.  No Factor Weighs Against Amendment.**

None of the factors precluding amendment to a complaint exist in this action. These factors are:

> ...undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc...

Foman at 182. In the absence of such factors, the rules of civil procedure require that leave to amend be "freely given." Id.

Mr. Harris' amendments will not unduly delay the proceedings, nor are they futile, offered in bad faith, or for dilatory motive. Mr. Harris has not attempted and failed to correct through prior amendments. The amendments will not prejudice the Defendants.

**C.  The Defendants Have Not Yet Filed a Responsive Pleading.**

A motion to dismiss is not a responsive pleading to Mr. Harris' Complaint under FRCP 15(a). Bowden, at 555. Such a responsive pleading would be an Answer. FRCP 7(a). Neither of the defendants have filed an Answer. Therefore Mr. Harris can file an amended complaint as a matter of right. FRCP 15(a).

### IV.  CONCLUSION

In light of the above, this Court should grant the motion to amend the complaint.

                                      Respectfully submitted,

August 18, 2006            By: _____/s/_____

                                      Edward J. Elder, No. 460588
                                      James R. Klimaski, No. 243543
                                      Klimaski & Associates, P.C.
                                      1819 L Street NW
                                      Suite 700
                                      Washington, DC  20036
                                      202-296-5600
                                      Klimaski@Klimaskilaw.com
                                      Elder@Klimaskilaw.com

                                      ***Attorneys for Plaintiff***