THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TY HARRIS**<br>1350 Clifton Street NW<br>Washington DC 20009<br><br>    Plaintiff,<br><br>    v.<br><br>**CHIEF CHARLES RAMSEY**<br>Metropolitan Police Department<br>300 Indiana Avenue, NW<br>Washington, DC 20001<br>in his personal and official capacities,<br><br>**THE DISTRICT OF COLUMBIA,**<br>441 4th Street, NW<br>Washington, DC 2001<br>Serve: Mayor Anthony Williams<br>       and Attorney General Robert<br>       J. Spagnoletti for the<br>       District of Columbia<br><br>    and<br><br>**OFFICER J.K. TOLLIVER,**<br>Metropolitan Police Department<br>individually and in his official capacity,<br>Serve:  Officer J.K. Tolliver<br>        Address Unknown<br><br>    Defendants. | Civil Action No. 06-0638 (RJL) |

**FIRST AMENDED VERIFIED COMPLAINT FOR RELIEF**

**I.  INTRODUCTION**

Plaintiff, Ty Harris, respectfully submits this first amended complaint seeking relief for the

tortious and unconstitutional actions of the District of Columbia Metropolitan Police Department

(MPD) and its officers. The Plaintiff has given notice to the Mayor of the District of Columbia in accordance with the District of Columbia Code Ann. §12-309.

On July 20, 2004, Mr. Harris was driving on Wisconsin Avenue, NW when Officer J.K. Tolliver of the MPD pulled him over. After he stopped Mr. Harris, Officer Tolliver threatened Mr. Harris without provocation by pointing his pistol at him while yelling and screaming. Officer Tolliver called for backup and searched Mr. Harris' car before eventually letting Mr. Harris leave the scene.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343, and 42 U.S.C. §§1983 and 1988. The Plaintiff further invokes this Court's pendent jurisdiction to hear and decide any claims arising under state and common law.

2. Venue is proper in this court. All of the actions described in this Complaint took place in the District of Columbia.

## III. PARTIES

3. Plaintiff Ty Harris resides in the District of Columbia. His address is 1350 Clifton Street NW, Washington, DC 20009.

4. Defendant Charles R. Ramsey is the Chief of and agent for the District of Columbia Metropolitan Police Department (MPD), located at 300 Indiana Avenue NW, Washington, DC 20001. He held this position at all times relevant to this Complaint. He is sued in both his official and individual capacities.

5. Defendant District of Columbia is a governmental entity located and doing business in the Washington, D.C. The MPD is an agency of the District of Columbia, and employs over 3,500 police officers.

6. Defendant J.K. Tolliver (Officer Tolliver) is an individual who, during all relevant times, was employed and acting under color of law for the District of Columbia as a police officer. At the time of the actions alleged, he worked at the Second District of the District of Columbia's Metropolitan Police Department (MPD).

### IV. FACTS

7. Mr. Harris reasserts paragraphs 1 to 6.

8. Police Officer J.K. Tolliver stopped Mr. Harris' car on Wisconsin Avenue, NW, near Massachusetts Avenue at approximately 9:00 pm on July 20, 2004.

9. Mr. Harris realized Officer Tolliver was pulling him over when the Officer drove his car in front of Mr. Harris' and stopped.

10. Officer Tolliver walked over to the driver's side of Mr. Harris' car and stared at Mr. Harris for some time, then drew his gun, and pointed it at Mr. Harris. While pointing the gun at Mr. Harris, Officer Tolliver screamed, "Let me see your motherfucking hands bitch! Get out of the fucking car! Get out! Keep your fucking hands up."

11. Mr. Harris had done nothing to provoke Officer Tolliver's reaction.

12. Mr. Harris got out of his car and Officer Tolliver stood approximately six feet away from Mr. Harris while pointing a gun at his head. Mr. Harris was very afraid because he believed that Officer Tolliver was out of control and would shoot him.

13. Officer Tolliver then yelled, "Move to the fucking back of the car! Put your hands on the trunk!" Mr. Harris complied with this order and Officer Tolliver then called for backup and processed Mr. Harris' driver's license. During this processing, Officer Tolliver continued screaming at Mr. Harris and held the gun to Mr. Harris' back.

14. Soon after Officer Tolliver called for backup, approximately ten or more police cars arrived and surrounded Mr. Harris' car. All of the officers got out of their cars and two of the officers questioned Mr. Harris about the situation. Mr. Harris said that he did not know why Officer Tolliver pulled him over. In response, one of the officers screamed, "What do you mean you don't know! Why did you get pulled over?" Mr. Harris reiterated that he did not know the reason for the stop.

15. Officer Tolliver then put his gun away and questioned Mr. Harris about whether or not he had a weapon. Mr. Harris said that he did not. Then Officer Tolliver asked if Mr. Harris had something in his car under the seat. Mr. Harris said no. Officer Tolliver said, "So I'm not going to find nothin' under your seat?" Mr. Harris continued to say no, but Officer Tolliver kept saying that there better not be anything under Mr. Harris' seat. He accused Mr. Harris of putting something under his seat.

16. Officer Tolliver searched the inside of the car with his flashlight. The only item in the car was an empty plastic bag from a local Fresh Fields grocery store.

17. Following the search, Officer Tolliver informed Mr. Harris that he could sit in his car. Mr. Harris chose to remain where he was. Officer Tolliver then talked to the other officers present and four or five officers encircled Mr. Harris. Officer Tolliver asked Mr. Harris what was in his pocket. Mr. Harris responded by pulling out an elastic jogging bandage

for his knee and throwing it on the top of his trunk. Officer Tolliver said they would let him go in a few minutes.

18. Officer Tolliver continued to question Mr. Harris about what the latter had under his seat. Mr. Harris reiterated that he had nothing under his seat. Officer Tolliver said that he pulled Mr. Harris over because allegedly someone in another car had told him to check under Mr. Harris' seat. Officer Tolliver never identified this individual.

19. Mr. Harris asked Officer Tolliver if he always pulled his gun and pointed it in people's faces. Another officer yelled that doing so was for protection. Mr. Harris also asked if the officers normally cursed at drivers they pulled over. The officers ignored this question.

20. Mr. Harris asked Officer Tolliver for the latter's full name and badge number. Officer Tolliver gave Mr. Harris his initials and badge number but refused to show Mr. Harris his identification. Officer Tolliver told Mr. Harris that he was under no duty to show him identification.

21. The officers eventually allowed Mr. Harris to leave. Mr. Harris shook with fear, anger and embarrassment as he drove away from the scene. To this day he feels threatened by and scared of the police.

## V.  FIRST CAUSE OF ACTION
### Negligence

22. Plaintiff reasserts paragraphs 1 to 21.

23. Officer Tolliver and the other District of Columbia Metropolitan Police Department officers acted negligently in performing their duties as police officers.

24. This negligence is the direct cause of Mr. Harris' injuries described above.

## VI.  SECOND CAUSE OF ACTION
### Deprivation of Mr. Harris' Constitutional Rights
### Under 42 U.S.C. 1983

25. Plaintiff reasserts paragraphs 1 to 24.

26. As demonstrated by the facts, Officer Tolliver and the other District of Columbia Metropolitan Police Department Officers did not have probable cause to pull over Mr. Harris.  Officer Tolliver pulled a gun on Mr. Harris while screaming at him in violation of his rights under Title 42, U.S.C. § 1983.

27. At all relevant times related to the circumstances described in this Complaint, the District of Columbia and MPD Chief Charles Ramsey, individually and officially, were under a duty to properly train, supervise, investigate and correct improper actions of MPD officers to protect the public and prevent civil rights violations.

28. The District of Columbia, and Chief Ramsey recklessly and without regard for the rights of others, breached their duties to properly train, supervise, investigate and correct the improper actions of their employee police officers.

29. The acts and omissions by Defendants District of Columbia, and Chief Ramsey constitute policies or customs that caused the injuries Mr. Harris sustained.

30. The District of Columbia and Chief Ramsey's disregard for the rights of others, in particular those of Mr. Harris, was the direct and proximate cause of the injuries Mr. Harris sustained.

31. As a result of the District of Columbia's and Chief Ramsey's failure to act, Mr. Harris suffered deprivation of his Constitutional and civil rights under Title 42, U.S.C. § 1983.

32. Mr. Harris is entitled to recover money damages to compensate him for his pain, suffering, humiliation, and loss of dignity.

### VII.  THIRD CAUSE OF ACTION
### Negligent Training and Supervision

33. Plaintiff reasserts paragraphs 1 to 32.

34. At all relevant times related to the circumstances described in this Complaint, the District of Columbia was under a duty to properly train, supervise, investigate and correct improper actions of MPD officers.

35. At all relevant times related to the circumstances described in this Complaint, MPD Chief Charles Ramsey, individually and officially, was under a duty to properly train, supervise, investigate and correct improper actions of MPD officers.

36. The District of Columbia, and Chief Ramsey recklessly and without regard for the rights of others, breached their duties to properly train, supervise, investigate and correct the improper actions of their employee police officers.

37. The District of Columbia and Chief Ramsey's disregard for the rights of others, in particular those of Mr. Harris, was the direct and proximate cause of the injuries Mr. Harris sustained.

38. Mr. Harris gave due notice to the Defendants under all applicable statutes.

39. As a result of the District of Columbia's and Chief Ramsey's failure to act, Mr. Harris suffered emotional trauma, extreme humiliation and indignity, and deprivation of his Constitutional and civil rights.

40. Mr. Harris is entitled to recover money damages to compensate him for his pain, suffering, humiliation, and loss of dignity.

### VIII.  FOURTH CAUSE OF ACTION
### Respondeat Superior

41. Plaintiff reasserts paragraphs 1 to 40.

42. At all relevant times during the circumstances described in this Complaint, Officer Tolliver was acting within the scope of his official duties as a police officer and employee of the District of Columbia.

43. Mr. Harris gave due notice to the Defendants under all applicable statutes.

44. The District of Columbia should, therefore, be held liable for all claims against Officer Tolliver and Chief Ramsey and pay appropriate damages to Mr. Harris.

### IX.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ty Harris seeks relief against the Defendants — Charles R. Ramsey, Chief, District of Columbia Metropolitan Police Department, the District of Columbia, and MPD Officer J. K. Tolliver — in the amounts of:

   A. compensatory damages in excess of $300,000.00;

   B. punitive damages against the individual defendants in excess of $1,000,000.00;

   C. attorney's fees and costs;

   D. any other relief this court decides is necessary in the interests of justice.

### JURY DEMAND

Mr. Harris demands a jury on all issues so triable.

                                    Respectfully submitted,

August 18 2006                By: _____/s/_____

                                    Edward J. Elder, No. 460588
                                    James R. Klimaski, No. 243543
                                    Klimaski & Associates, P.C.
                                    1819 L Street NW
                                    Suite 700
                                    Washington, DC  20036
                                    202-296-5600
                                    Klimaski@Klimaskilaw.com
                                    Elder@Klimaskilaw.com

                                    ***Attorneys for Plaintiff***