UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TY HARRIS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHARLES H. RAMSEY, CHIEF,**<br>**District of Columbia Metropolitan**<br>**Police Department,** *et al.,*<br><br>**Defendants.** | **Civil Action No. 06-0638 (RJL)** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS DISTRICT OF COLUMBIA'S
AND CHIEF CHARLES H. RAMSEY'S MOTION TO DISMISS**

**I. INTRODUCTION**

On April 6, 2006, Ty Harris filed a Complaint alleging acts of negligence and violations of his civil rights by Metropolitan Police Department (MPD) Chief Charles H. Ramsey, the District of Columbia, and MPD Officer J.K. Tolliver.  Mr. Harris alleges that, on July 20, 2004, as he was driving on Wisconsin Avenue, Officer Tolliver pulled him over.  Without provocation, Officer Tolliver began screaming at Mr. Harris, ordered him out of the car, and pointed a gun at Mr. Harris' head.  Officer Tolliver eventually let Mr. Harris go after calling for backup and searching Mr. Harris' car.

On July 24, 2006, Defendants District of Columbia ("the District") and Chief Ramsey filed a motion to dismiss the complaint against them ("Defendants' Motion").[1]  The Defendants claimed that (1) the complaint failed to state a claim against Chief Ramsey, (2) the claims against

---

[1] Mr. Harris has not yet served Officer Tolliver.

Chief Ramsey were duplicative of claims against the District, (3) Mr. Harris failed to state a claim for municipal liability under 42 U.S.C. §1983, (4) Mr. Harris failed to state a claim for negligence against the District because he did not allege that the District breached any duty to Mr. Harris, and (5) the District was immune from Mr. Harris' punitive damages claims absent extraordinary circumstances.

On August 18, 2006, Mr. Harris filed a Motion to Amend Complaint, requesting the Court file his First Amended Verified Complaint ("the Amended Complaint"). The First Amended Complaint addresses the issues Defendants raised in their motion to dismiss. The Amended Complaint adds causes of action for negligent training and supervision and *respondeat superior*. The Amended Complaint also clarifies the parties against whom Mr. Harris asserts claims for punitive damages, and his claims under 42 U.S.C. §1983, enumerating the actions of Chief Ramsey and the policies of the District of Columbia that caused Mr. Harris' injuries.

## II.  LEGAL STANDARDS

The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court accepts as true all of the complaint's factual allegations. Does v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985). Plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Federal Rule of Civil Procedure (FRCP) 15(a) provides for amending a pleading "once as a matter of course at any time before a responsive pleading is served." Courts liberally permit amendments to Complaints. Foman v. Davis, 371 U.S. 178, 182 (1962). The District of

Columbia Circuit follows the Foman rule. Childers v. Mineta, 205 F.R.D. 29, 31 (D.D.C. 2001).

A motion to dismiss is not a responsive pleading under FRCP 15(a). Bowden v. United States, 176 F.3d 552, 555 (U.S. App. D.C. 1999).

### III.  ARGUMENT

**A.   Mr. Harris Can Amend His Complaint as a Matter of Right.**

A motion to dismiss is not a responsive pleading under FRCP 15(a). Id., at 555. Such a responsive pleading is an Answer. FRCP 7(a). Neither of the defendants have filed an Answer. Therefore, Mr. Harris can file an amended complaint as a matter of right. FRCP 15(a).

**B.   Mr. Harris' Amended Complaint Moots Defendants' Arguments.**

The Amended Complaint addresses and corrects the alleged deficiencies the Defendants raised in their motion to dismiss. Therefore, Defendants' Motion is moot.

1.   <u>The Amended Complaint States Claims Against Chief Ramsey.</u>

Defendants argued that the Complaint failed to state a claim against Chief Ramsey. (Defendants' Motion at 5-6.) The Amended Complaint asserts claims against Chief Ramsey for violations of Mr. Harris' civil rights (in the Second Cause of Action) and negligent supervision and training (in the Third Cause of Action). Mr. Harris asserts these claims against Chief Ramsey in the latter's official and personal capacities.

2.   <u>The Claims Against Chief Ramsey Are Distinct from Claims Against the District of Columbia.</u>

The Defendants stated that claims against Chief Ramsey are duplicative or identical to claims against the District. (Defendants' Motion at 6.) This is no longer true. The Amended Complaint names Defendant Ramsey in his individual capacity in both the second (Violations of

42 U.S.C. 1983) and third (Negligent Supervision and Training) causes of action. Suing Chief Ramsey individually eliminates the "duplicative and identical" objection.

3.  <u>The Amended Complaint States a Claim for Municipal Liability Under 42 U.S.C. §1983.</u>

The Defendants argued that Mr. Harris failed to state a claim for municipal liability under 42 U.S.C. §1983. (Defendants' Motion at 7-9.) The Amended Complaint alleges that the District negligently trained and supervised Officer J. K. Tolliver. These actions, as Mr. Harris will prove, constitute a policy and custom violating §1983.

4.  <u>The Amended Complaint Identifies the Breach of Duty by the District of Columbia.</u>

Defendants claimed that Mr. Harris failed to state a claim for negligence against the District because the complaint did not identify the duty the District breached. (Defendants' Motion at 9-11.) The Amended Complaint's second cause of action specifies that "the District of Columbia ... [was] under a duty to properly train, supervise, investigate and correct improper actions of MPD officers to protect the public and prevent civil rights violations." (Amended Complaint at 27.) The Amended Complaint's third cause of action claims that, "the District of Columbia was under a duty to properly train, supervise, investigate and correct improper actions of MPD officers." <u>Id.</u> at 33. These claims address the Defendants' objections.

5.  <u>Mr. Harris Does Not Seek Punitive Damages Against the District of Columbia.</u>

Finally, the Defendants argue that Mr. Harris cannot seek punitive damages against the District of Columbia. (Defendants' Motion at 12-14.) The Amended Complaint is clear that Mr. Harris seeks punitive damages against only the individual officers. The Prayer for Relief, paragraph B, specifically indicates that Mr. Harris seeks "punitive damages against the individual defendants...." Mr. Harris does not seek punitive damages against the District of Columbia.

## IV.  CONCLUSION

In light of the above, this Court should deny the Defendants' motion to dismiss.

Respectfully submitted,

August 18, 2006                    By: _____/s/_____
                                         Edward J. Elder, No. 460588
                                         James R. Klimaski, No. 243543
                                         Klimaski & Associates, P.C.
                                         1819 L Street NW
                                         Suite 700
                                         Washington, DC  20036
                                         202-296-5600
                                         Klimaski@Klimaskilaw.com
                                         Elder@Klimaskilaw.com

                                         ***Attorneys for Plaintiff***