UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES H. RAMSEY, CHIEF,<br>District of Columbia Metropolitan<br>Police Department, *et al.*,<br><br>    Defendants. | Civil Action No. 06-0638 (RJL) |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3
AND THE COURT'S CASE MANAGEMENT ORDER**

The parties respectfully submit, by and through counsel, the following report in accordance with Local Rule of Civil Procedure 16.3(c), and the Honorable Richard Leon's April 7, 2006, case management order.

(1)  *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

The Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  Mr. Harris has opposed the motion and filed a motion to amend his complaint.  Should Plaintiff's motion to amend his complaint be granted, the Defendants may file a motion to dismiss the amended complaint.

Mr. Harris does not believe this action will be resolved by dispositive motion.  Discovery should proceed despite the outstanding motion to dismiss.

The Court should place this case on a standard track concerning the complexity of the legal issues. However, Defendant Jeffery Tolliver has evaded service for over three months, therefore, the case warrants additional time for discovery.

The Defendants request that discovery should not proceed until all Rule 12 motions are decided. The Defendants may also file dispositive motions at the close of discovery.

(2)  *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties do not agree on these issues.

Concerning the joinder of additional parties, Mr. Harris holds that joinder should take place 90 days prior to the close of discovery. The Defendants position is that joinder should occur 30 days after the entry of a scheduling order.

Concerning the amendment of pleadings, Mr. Harris holds that the parties should amend their pleadings before 60 days prior to the close of discovery. The Defendants position is that amendment of pleadings should be as set forth in the Federal Rules of Civil Procedure.

Mr. Harris believes that some factual and legal issues may be agreed to or narrowed through the discovery process and following its conclusion.

(3)  *Whether the case should be assigned to a magistrate judge for all purposes, including a trial.*

The parties do not agree that a United States Magistrate Judge should preside over all matters in this case.

(4)  *Whether there is a realistic possibility of settling the case.*

There is a realistic possibility of settling this case. The Defendants will consider any reasonable settlement demand from the Plaintiff.

(5)   *Whether the case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR), what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

Mr. Harris and his counsel are willing to engage in ADR or other dispute resolution procedures.  The Defendants will consider ADR or mediation after the close of discovery.

(6)   *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.*

Mr. Harris' position is that there will be many factual disputes in his case, making summary judgment unlikely.  The Court should set a deadline for filing dispositive motions no later than 45 days after close of discovery, oppositions 21 days thereafter, and replies 11 days thereafter.  The Court should render a decision on the motions 45 days after any replies are filed.

The Defendant takes the position that both parties may file dispositive motions at the close of discovery. Defendant submits that any motion for summary judgment should be filed within 60 days after the close of discovery, that any opposition thereto should be filed within 30 days after the filing of the dispositive motion, and that any reply in support of the motion should be filed within 15 days after the filing of any opposition to the motion.

(7)   *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.*

Plaintiff states that the Court should not dispense with Rule 26(a)(1), F.R.Civ.P disclosures, or change the scope, form, or timing of these disclosures.

The District of Columbia and Chief Charles Ramsey object to initial disclosures until after the Court has ruled on defendant's dispositive motions pursuant to FRCP 12(b) as set forth in paragraph 1 hereto.

> *(8)   The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The extent of discovery should include all discovery processes, including, but not limited to depositions, interrogatories, requests for production of documents, requests for admissions, meeting and interviewing witnesses, and expert evaluation of Defendant's actions.

The Court should permit the parties to confer and resolve discovery disputes before seeking the Court's intervention. A protective order will not be necessary.

The Court should provide 240 days for discovery, commencing the day after the initial status conference.

The parties agree that the Court should permit each party to serve up to 25 interrogatories, inclusive of subparts, upon each opposing party. They further agree that the Court should also permit each party to serve up to 25 requests for production of documents upon each opposing party. The Defendants wish to limit each party to 25 requests for admission. Mr. Harris requests that no limit on admissions be set to better narrow the issues prior to trial.

The parties disagree on the number of deposition allowed. Mr. Harris believes that each party should have the option of taking ten depositions excluding expert depositions. Each deposition should last no longer than one business day. Defendants state that each party should be limited to five depositions and the limitations set forth in the FRCP and local rules.

The Court should also permit the parties to use other discovery methods in Fed. R. Civ. P. Rules 26 through 36, to the full extent these Rules permit.

(9)  *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

Mr. Harris believes the Court should modify the exchange of witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P. The Court should, if it grants a 240-day discovery period, require expert witness reports be due up to 90 days prior to the close of discovery, and responsive expert witness reports up to 45 days prior to the close of discovery.

The Defendants do not know yet whether expert testimony will be necessary in this case. The Defendants propose that Plaintiff's experts be designated no later than 75 days after the start of discovery and that Defendant's experts be designated no later than 45 days thereafter.

(10) *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This case is not a class action, and this question is inapplicable.

(11) *Whether the trial and/or discovery should be bifurcated and/or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that there is no need for bifurcation of trial and/or discovery.

(12) *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

Mr. Harris requests that the Court schedule the pretrial conference 30 days after the last of the Court's dispositive motion rulings. If the parties do not file dispositive motions, the Court should hold the pretrial conference within 45 days from the close of discovery.

Defendants request a status conference at the close of discovery. Defendants agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion. Defendants agree that a trial date be scheduled at the pretrial conference.

(13)  *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the Court should schedule the trial date at the pretrial conference.

(14)  *Such other matters that the parties believe may be appropriate for inclusion in the scheduling order.*

None.

Respectfully submitted,

September 6, 2006

_____/s/_____
Edward J. Elder #460588
James R. Klimaski #243543
KLIMASKI & ASSOCIATES, P.C.
1819 L Street NW
Suite 700
Washington, DC  20036-3830
202-296-5600
Counsel to Ty Harris


 ROBERT SPAGNOLETTI
Attorney General for the
District of Columbia, D.C.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/
_____
KIMBERLY M. JOHNSON(# 435163 )
Chief, General Litigation Section I

/s/
_____
MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724 5695
Attorneys for defendant