UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TY HARRIS,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**CHARLES H. RAMSEY, CHIEF,**<br>**District of Columbia Metropolitan**<br>**Police Department,** *et al.,*<br><br>   **Defendants.** | **Civil Action No. 06-0638 (RJL)** |

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS AND FOR ALTERNATIVE SERVICE

Plaintiff Ty Harris respectfully submits this motion to extend the time to effect service of process upon Metropolitan Police Department (MPD) Sergeant J.K. Tolliver, and to permit Mr. Harris to serve Sergeant Tolliver by alternative means, pursuant to Maryland Rule of Civil Procedure, Circuit Court (Md. R. Civ. P., Cir. Ct.) 2-121(b). Sergeant Tolliver has evaded service despite Mr. Harris' diligent efforts to serve Sergeant Tolliver at home and work. The deadline to serve this Defendant is October 3, 2006. Good cause exists to grant this motion.

### Statement of The Case

Mr. Harris filed his Complaint on April 6, 2006. At that time, Mr. Harris did not know Sergeant Tolliver's home address. On May 23, 2006, Mr. Harris served the Summons and Complaint, and initial interrogatories requesting Sergeant Tolliver's home address and other contact information, on Defendants District of Columbia, Chief Charles Ramsey, and the MPD.

On May 31, 2006, Mr. Harris filed a Motion for Extension of Time to Effect Service of Process (Motion for Extension), requesting an extension of time to serve Sergeant Tolliver until August 4, 2006. On June 12, 2006, this Court granted Mr. Harris' Motion for Extension.

On July 31, 2006, Mr. Harris filed a second Motion for Extension of Time to Effect Service of Process (Second Extension), requesting an extension of time to serve Sergeant Tolliver until October 3, 2006. On August 9, 2006, this Court granted Mr. Harris' Second Extension.

Mr. Harris has made diligent attempts to serve Sergeant Tolliver. However, despite repeated service attempts, Mr. Harris' process servers have either been unable to locate Sergeant Tolliver, or Sergeant Tolliver has evaded service. On June 6 and June 7, 2006, process servers attempted to serve Sergeant Tolliver at his place of employment, the Second Police District Station. (Affidavit of Vincent Piazza (Affidavit) at 2).

On June 7, 2006, Scott Kucik of Capitol Process Servers spoke with Sergeant Tolliver by telephone. Sergeant Tolliver told Mr. Kucik that he would not accept service of the Summons and Complaint. *Id.*

On June 9, 2006, Frederick Parsons of Capitol Process Servers, attempted to serve Sergeant Tolliver at the Second District Police Station. *Id.* Mr. Parsons was informed that Sergeant Tolliver was not in. Mr. Parsons then requested that the MPD General Counsel's office set a date and time to serve Sergeant Tolliver. *Id.* The General Counsel reported that Sergeant Tolliver would be available at the Second District Station on June 13, 2006, between 2:00 and 3:00 pm. However, when Mr. Parsons attempted to meet Sergeant Tolliver, he was informed that Sergeant Tolliver was not coming to the station for the meeting. *Id.*

Mr. Harris' agents located Sergeant Tolliver's home in Maryland. *Id.* at 1.[1] On August 22, 24, 27, and 28, 2006, process servers attempted to serve Sergeant Tolliver at his home. On each occasion, the process server knocked on the residence door, but no one answered. *Id.*

On August 30, 2006, Vincent Piazza of Capitol Process Servers attempted to serve Sergeant Tolliver at his home. *Id.* No one answered the door, so Mr. Piazza attempted to contact Sergeant Tolliver by telephone. Mr. Piazza eventually reached Sergeant Tolliver at the Second District Police Station. During their conversation Sergeant Tolliver again stated that he would not willingly accept service of the Summons and Complaint. *Id.* When Mr. Piazza indicated that he was at Sergeant Tolliver's home and would continue to attempt to serve Sergeant Tolliver there, Sergeant Tolliver replied that Mr. Piazza should not come on to his property. *Id.*

Over the next several days, Mr. Piazza waited at Sergeant Tolliver's home in repeated attempts to effect service. On August 31, and September 1, 2006, Mr. Piazza watched Sergeant Tolliver's home for two hours, on September 4, for two-and-a-half hours, and on September 6, for five hours. *Id.* at 1-2, 4. Mr. Piazza waited from what he believed was a location where he could observe Sergeant Tolliver's residence, but could not be observed himself. *Id.* at 1. On each occasion, vehicles registered to Sergeant Tolliver were present at the residence.

On September 6, 2006, Mr. Piazza observed a man matching Sergeant Tolliver's description leave the house, quickly check something in the yard, and then re-enter the home. However, no one answered when Mr. Piazza knocked on the door minutes later. *Id.*

On September 22, 2006, Mr. Harris' counsel sent a copy of the Summons and Complaint by certified mail, restricted delivery, to Sergeant Tolliver at his home address. Sergeant Tolliver

---

[1] Sergeant Tolliver's personal information has been redacted from publicly filed exhibits.

has not accepted this mailing. (Exhibit 1). On September 28, 2006, Mr. Harris' counsel sent a copy of the Summons and Complaint by certified mail, restricted delivery, to Sergeant Tolliver's work address at the Second District Police Station. Gwen Davis accepted the Summons and Complaint at the Second District. (Exhibit 2).

Mr. Harris' counsel has consulted with counsel for the Defendants pursuant to Local Rule 7(m). Defendants take no position on this motion. A proposed order accompanies this motion.

## Legal Standards

**I.  Federal Law**.

Federal Rule of Civil Procedure (FRCP) 4(e) governs service of the summons and complaint. FRCP 4(e)(1) permits service in accordance with the laws of the state in which the district court is located, or where service is effected. FRCP 4(e)(2) permits service by delivering a copy to the individual personally or to his authorized agent, or by leaving a copy at the individual's home with a person of "suitable age and discretion."

**II.  Maryland Law.**

Md. R. Civ. P., Cir. Ct. 2-121(b) provides for service of a defendant who has evaded service:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

**Argument**

**I.      Sergeant Tolliver's Actions Justify Service Under Md. R. Civ. P., Cir. Ct. 2-121(b)**.

FRCP 4(e)(1) permits service on a defendant in accordance with the laws of the state in which the defendant is served. Sergeant Tolliver resides in Maryland. Md. R. Civ. P., Cir. Ct. 2-121(b) permits the court to order service by regular mail at a defendant's home when the plaintiff can show that the defendant is evading.

Sergeant Tolliver has evaded service for four months. Sergeant Tolliver has refused to meet with process servers when contacted by phone, and did not appear when the MPD General Counsel set a date and time for service. Sergeant Tolliver told Mr. Piazza that he would not willingly accept service of the Summons and Complaint. When process servers visited Sergeant Tolliver's workplace during his work shift, they were turned away. Mr. Piazza received no answer at Sergeant Tolliver's residence during service attempts on five separate days. During the service attempt of September 6, 2006, Mr. Piazza observed a man matching Sergeant Tolliver's description at the home. However, Mr. Piazza received no answer when he knocked on the door minutes later. Sergeant Tolliver has not accepted the summons and complaint sent to his residence by certified mail, restricted delivery.

**II.     An Extension Is Necessary to Effect Alternative Service**.

The deadline to effect service of process on Officer Tolliver is October 3, 2006. An extension will provide Mr. Harris with time to complete service by regular mail, once the Court has authorized this method. This alternative service will not prejudice Defendants MPD or Chief Charles Ramsey in any way.

## CONCLUSION

In light of the above, this Court should order service of Sergeant Tolliver pursuant to Md. R. Civ. P., Cir. Ct. 2-121(b), and grant an extension of sixty (60) days, up to and including December 4, 2006, to serve Defendant Sergeant J. K. Tolliver.

Respectfully submitted,

October 3, 2006            By: _____/s/_____
                           Edward J. Elder, No. 460588
                           James R. Klimaski, No. 243543
                           Klimaski & Associates, P.C.
                           1819 L Street NW
                           Suite 700
                           Washington, DC  20036
                           202-296-5600
                           Klimaski@Klimaskilaw.com
                           Elder@Klimaskilaw.com

                           ***Attorneys for Plaintiff***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES H. RAMSEY, CHIEF,<br>District of Columbia Metropolitan<br>Police Department, *et al.,*<br><br>    Defendants. | Civil Action No. 06-0638 (RJL) |

### STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS AND FOR ALTERNATIVE SERVICE

Plaintiff Ty Harris, through counsel, respectfully submits this Memorandum of Points and Authorities in support of his Motion for Extension of Time to Effect Service of Process and for Alternative Service (the "Motion").

In support of the Motion Mr. Harris states:

1. Federal Rule of Civil Procedure 4(e)(1) permits service in accordance with the laws of the state where service is effected.

2. Sergeant Tolliver's home is located in Maryland.

3. Maryland Rule of Civil Procedure, Circuit Court 2-121(b), permits service by regular mail when the plaintiff can show by affidavit that the defendant has evaded service.

4. Mr. Harris, through the affidavit of process server Vincent Piazza, has shown that Sergeant Tolliver has evaded service for four months.

5. Federal Rule of Civil Procedure 6(b) permits this Court to enlarge time to serve Sergeant Tolliver.

6. The Defendants do not oppose the Motion.

                Respectfully submitted,

October 3, 2006         By:        /s/
                              Edward J. Elder, No. 460588
                              James R. Klimaski, No. 243543
                              Klimaski & Associates, P.C.
                              1819 L Street NW
                              Suite 700
                              Washington, DC  20036
                              202-296-5600
                              Klimaski@Klimaskilaw.com
                              Elder@Klimaskilaw.com

                              ***Attorneys for Plaintiff***