UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TY HARRIS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-0638(RJL) |
| | ) |
| CHIEF CHARLES RAMSEY, et al. | ) |
| | ) |
| Defendant. | ) |

ANSWER OF DEFENDANT OFFICER J.K. TOLLIVER TO
THE FIRST AMENDED VERIFIED COMPLAINT FOR RELIEF

Defendant Officer( Sergeant )J. K. Tolliver, by and through his attorney, the Office of the Attorney General for the District of Columbia, responds to the complaint as follows:

First Defense

The complaint fails to state a claim upon which relief may be granted.

Introduction

The Introduction contains plaintiff's characterization of his lawsuit to which no response is required. To the extent that a response is required, the allegations in the Introduction are denied.

`Second Defense

1.  Defendant acknowledges the existence of the statutory provision cited in paragraph 1 of the Complaint, but deny that jurisdiction is conferred solely by reason thereof.

2. The allegations contained in paragraph numbered 2 are conclusions of law and of the pleader to which no response is required.

3. Defendant is without sufficient information or knowledge to either admit or deny the allegations in paragraph 3. However, to the extent a response is required, the allegations in paragraph 3 of the Complaint are denied.

4. Defendant admit that Chief Charles Ramsey is the Chief of Police, Metropolitan Police Department (MPD) and that he was Chief during times relevant to this complaint. The remaining allegations contained in paragraph numbered 4 are conclusions of law and of the pleader to which no response is required.

5. Defendant admits that the District of Columbia is a municipal government and that the MPD is an agency of the Government of the District of Columbia. The remaining allegations are conclusions of law and of the pleader to which no response is required.

6. Defendant admits that J. K. Tolliver was at times relevant to this lawsuit employed by the District of Columbia as a police officer and assigned to the Second District of the MPD. The remaining allegations contained in paragraph numbered 6 are conclusions of law and of the pleader to which no response is required.

7. Defendant incorporates by reference his response to paragraphs one through six.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph numbered 9.

10. Defendant denies the allegations contained in paragraph numbered 10.

11. Defendant denies the allegations contained in paragraph numbered 11.

12. Defendant admits that plaintiff "got out of his car." The remaining allegations contained in paragraph numbered 12 are denied.

13. Defendant denies the allegations contained in paragraph numbered 13.

14. Defendant admits that he called for "back up" and additional police officers in police cars responded to the call. The remaining allegations contained in paragraph numbered 14 are denied.

15. Defendant denies the allegations contained in paragraph numbered 15.

16. Defendant denies the allegations contained in paragraph numbered 16.

17. Defendant denies the allegations contained in paragraph numbered 17.

18. Defendant admits that someone told him to check under Mr. Harris' seat. The remaining allegations contained in paragraph numbered 18 are denied.

19. Defendant denies the allegations contained in paragraph numbered 19.

20. Defendant admits that he gave plaintiff his badge number when requested. The remaining allegations contained in paragraph numbered 20 are denied.

21. Defendant admits that plaintiff was allowed to leave. Defendant is without sufficient information or knowledge to either admit or deny all other allegations in paragraph 21.

22. Defendant incorporates by reference its responses to paragraph 1 through 21.

23. Defendant denies the allegations contained in paragraph numbered 23.

24. Defendant denies the allegations contained in paragraph numbered 24.

25. Defendant incorporates by reference its responses to paragraph 1 through 24.

26. Defendant denies the allegations contained in paragraph numbered 26.

27. The allegations contained in paragraph numbered 27 are legal conclusions and of the pleader to which no response is required.

28. Defendant denies the allegations contained in paragraph numbered 28.

29. Defendant denies the allegations contained in paragraph numbered 29.

30. Defendant denies the allegations contained in paragraph numbered 30.

31. Defendant denies the allegations contained in paragraph numbered 31.

32. Defendant denies the allegations contained in paragraph numbered 32.

33. Defendant incorporates by reference its responses to paragraph 1 through 32.

34. The allegations contained in paragraph numbered 34 are legal conclusions and of the pleader to which no response is required.

35. The allegations contained in paragraph numbered 35 are legal conclusions and of the pleader to which no response is required.

36. Defendant denies the allegations contained in paragraph numbered 36.

37. Defendant denies the allegations contained in paragraph numbered 37.

38. Defendant denies the allegations contained in paragraph numbered 38.

39. Defendant denies the allegations contained in paragraph numbered 39.

40. Defendant denies the allegations contained in paragraph numbered 40.

41. Defendant incorporates by reference its responses to paragraph 1 through 40..

42. The allegations contained in paragraph numbered 42 are legal conclusions and of the pleader to which no response is required.

43. The allegations contained in paragraph numbered 43 are legal conclusions and of the pleader to which no response is required.

44. The allegations contained in paragraph numbered 44 are legal conclusions and of the pleader to which no response is required.

Further answering the complaint, this defendant denies all allegations not specifically admitted or otherwise answered and all allegations of wrong doing.

### THIRD DEFENSE

All actions performed by this defendant met or exceeded the applicable standard of care, and did not rise to negligence or gross negligence.

### FOURTH DEFENSE

To the extent that plaintiff has suffered any damages alleged in the Complaint, those damages resulted from his reckless, willful, and/or wantonly negligent conduct, his concurrent or contributory negligence, or his assumption of risk.

### FIFTH DEFENSE

To the extent that plaintiff has suffered any damages alleged in the Complaint, the plaintiff failed to mitigate his damages.

### SIXTH DEFENSE

This defendant is immune from the claims in this lawsuit pursuant to the doctrines of sovereign, absolute, qualified or governmental immunity.

### SEVENTH DEFENSE

The actions of this defendant were reasonably necessary to effect, maintain, and enforce the laws, statutes and or regulations of the United States and or the District of Columbia.

### EIGHTH DEFENSE

The actions of this defendant, were taken in good faith and with reasonable belief in their lawfulness.

### NINTH DEFENSE

The actions of the District of Columbia and its employees were discretionary decisions for which there can be no liability.

### TENTH DEFENSE

The plaintiff has failed to comply with the mandatory requirements of D.C. Code § 12-309.

### ELEVENTH DEFENSE

This defendant's actions, if any, did not violate the plaintiff's constitutional and/or civil rights under the United States Constitution or 42 USC 1983.

### TWELTH DEFENSE

To the extent that plaintiff was damaged and/or injured as alleged in the Complaint, said damages and/or injuries were the result of a third party that may

or may not be a party to this action.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages.

## JURY DEMAND

This defendant demands a jury of the maximum allowed by law on all issues so triable.

Respectfully submitted,

EUGENE ADAMS
Interim Attorney General for the
District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY M. JOHNSON (# 435163)
Chief, General Litigation Section I


_____
MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to the Complaint was electronically mailed Edward J. Elder, Klimaski & Associates, PC.

_____
MELVIN W. BOLDEN, JR.
Assistant Attorney General

8