UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
TY HARRIS,                               )
                                         )
                                         )
              Plaintiff                  )
                                         )
v.                                       )        CV No. 06-638( RJL)
                                         )
CHIEF CHARLES RAMSEY AND                 )
THE DISTRICT OF COLUMBIA,                )
                                         )
                                         )
              Defendants.                )
                                         )
_____)

DEFENDANTS DISTRICT OF COLUMBIA AND
CHIEF CHARLES RAMSEY'S
MOTION TO DISMISS

   Defendant District of Columbia ("the District") and Chief Charles Ramsey, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move this Court dismiss Plaintiff's complaint.   The grounds for the motion are:

1.  The plaintiff has failed to state a claim against Chief Ramsey in his individual capacity for negligent hiring, training, and supervision because Chief Ramsey is protected by absolute immunity from suit as a government official.

2.  The plaintiff has failed to state a claim against Chief Ramsey in his individual capacity for negligent hiring, training, and supervision because Chief Ramsey is neither an employer of the Defendant Metropolitan Police Officers nor did he use them as his agents.

3.  The plaintiff's claims against Chief Ramsey in his individual capacity for negligent hiring, training, and supervision are duplicative of identical claims made

against defendants' employer, Defendant District of Columbia, and should be
dismissed in the interest of judicial efficiency.

4.    The Plaintiff has alleged one discrete act as a violation of his constitutional
rights and will not be able to sustain his constitutional claims against the District,
a municipality, under *Monell v. Department of Social Services*, 436 U.S.
658  (1978).

A memorandum of points and authorities in support of this motion and a proposed
order are attached.

Respectfully Submitted,

EUGENE A. ADAMS
Interim Attorney General for the
District of Columbia, D.C.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
KIMBERLY M. JOHNSON (#435163)
Chief, General Litigation Section I

_____
MELVIN W. BOLDEN, JR. (192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625 (Fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to Dismiss was delivered electronically to Edward J. Elder, Klimaski & Associates, PC.

_____
MELVIN W. BOLDEN, JR.
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

TY HARRIS,                          )
                                    )
                                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )          CV No. 06-638 (RJL)
                                    )
CHIEF CHARLES RAMSEY AND            )
THE DISTRICT OF COLUMBIA,           )
                                    )
                                    )
            Defendants              )
                                    )
_____)


<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS DISTRICT OF COLUMBIA AND CHIEF
CHARLES RAMSEY'S MOTION TO DISMISS</u>


<u>PRELIMINARY STATEMENT</u>

The Complaint alleges that on July 20, 2004, at approximately 9:00p.m., Plaintiff

was driving on Wisconsin Avenue, N.W., when he was pulled over by Metropolitan

Police Officer Tolliver.  (Compl. ¶¶ 8, 9).  When Officer Tolliver approached Plaintiff's

car, he stopped and looked at Plaintiff first, then allegedly pointed his gun at Plaintiff and

ordered him to get out of the car and keep his hands up.  (Compl. ¶ 10).  Officer Tolliver

proceeded by calling for backup officers.  (Compl. ¶ 13).  When the backup officers

arrived, they asked Plaintiff why he had been pulled over, but he responded that he did

not know.  (Compl. ¶ 14).  Officer Tolliver put his gun away, asked Plaintiff if he had a

weapon, and asked him what was under his car seat.  (Compl. ¶ 15).  Officer Tolliver

then searched Plaintiff's car, but the only item he found was a plastic bag.  (Compl. ¶ 16).

The officer then told Plaintiff that an unnamed individual told him to check under Plaintiff's seat for something.  (Compl. ¶18).  Afterwards, Officer Tolliver told Plaintiff his badge number and initials, and gave Plaintiff permission to leave. (Compl. ¶¶ 20, 21). The Complaint sues Chief Charles Ramsey individually and officially asserting that he and the District of Columbia breached their duty to train, supervise, investigate and correct improper actions of their employee police officers (Compl. ¶¶ 28,) and that such acts and omissions constitute policies or customs that caused the injuries plaintiff sustained. (Compl. ¶¶ 28, 30).

<u>STANDARD OF REVIEW</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).  The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  <u>Id</u>.   The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations."  <u>Kowal v. MCI Communications Corp</u>., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

<u>ARGUMENT</u>

I.     <u>PLAINTIFF HAS FAILED TO STATE A CLAIM FOR NEGLIGENT HIRING,
       TRAINING, AND SUPERVISION AGAINST DEFENDANT RAMSEY IN HIS
       INDIVIDUAL CAPACITY BECAUSE CHIEF RAMSEY IS PROTECTED BY
       ABSOLUTE IMMUNITY AS A GOVERNMENT OFFICIAL.</u>

The court has established that many government officials are protected from civil

suit by immunity. *District of Columbia v. Thompson*, 570 A.2d 277, 293 (D.C.App.

1990); *Moss v. Stockard*, 580 A.2d 1011, 1020 (D.C.App. 1990); *Kendrick v. Fox

Television*, 659 A.2d 814, 819 (D.C.App. 1995). The doctrine of official immunity

recognizes that the ability to make decisions without the fear of a lawsuit is important.

*Thompson*, 570 A.2d at 297; *Barr v. Matteo*, 360 U.S. 564, 571(1959). If official

immunity protects the government employee, the immunity is absolute. *Thompson,* 570

A.2d at 297. In order to claim absolute immunity, a government employee must (1) act

within the "outer perimeter" of his official duties, and (2) the particular government

function at issue must be "discretionary" and not "ministerial." *Moss*, 580 A.2d at 1020,

*citing Thompson, supra*, 570 A.2d at 294 &n. 14. The first prong of this two-prong test is

met if actions are expressly prescribed by statute as an official duty, or more generally, if

the action is in relation or connection with an official duty. *Moss*, 580 A.2d at 1020

*citing Cooper v. O'Connor*, 69 App.D.C. 100, 104.   The second prong is more nebulous.

The court states that discretionary functions deal with the formulation of policy and

ministerial functions deal with the execution of policy. *Thompson*, 570 A.2d at 296. In

order to draw this distinction, the court in *Thompson* lists four balancing factors to

consider: (1) the nature of the plaintiff's injury, (2) the availability of alternative

remedies, (3) the ability of the courts to judge fault without unduly invading the

6

executive's function, and (4) the importance of protecting particular kinds of official acts. *Id.* at 297. If the court determines that the importance of effective government outweighs the plaintiff's harm in exercising immunity, then the official's role is discretionary and his actions are protected.

In this case, it is undisputed that Chief Charles Ramsey was acting in his official capacity as Chief of Police during the incident alleged in the Complaint. The Ameded Compalint allges that Chief Ramsey Breached his duty tp properly train, supervise and correct improper actions of employee police officers. As the Chief of Police, Chief Ramsey oversees all of the Metropolitan Police Department functions, including the hiring, training, and supervision of officers. Therefore, such actions are related to his official duty. Furthermore, Chief Ramsey acted with discretion while hiring, training, and supervising officers of the MPD, satisfying the second prong of the immunity test. *See Cox v. District of Columbia*, No. 91-2004, 1991 U.S. Dist. LEXIS 166894, at 12 (D.D.C. Nov. 22, 1991) (finding that Supervisors acted with discretion when they oversaw the training, supervision, and control of police officers).

Additionally, the *Thompson* balancing factors also reveal the importance of protecting the Chief of Police under absolute immunity because his role is discretionary. First, the plaintiff suffered physical injuries, which allegedly resulted from improper training. However, under the second factor, the plaintiff has alternative remedies. In the Complaint, plaintiff alleges the breach of a duty of care against both Chief Ramsey and the District of Columbia. The plaintiff does not offer any Complaint against Chief Ramsey specifically that is not also alleged against the District. Furthermore, plaintiff only shows proximate cause between the District's negligent hiring of officers and his

injuries. Therefore, plaintiff may recover from the District for all allegations in the

Complaint. Additionally, the plaintiff may challenge training programs under a civil

right claim. *See Cox*, No. 91-2004, 1991 U.S. Dist. LEXIS 166894, at 13. The third

factor also favors Chief Ramsey as it would be difficult for the court to judge Chief

Ramsey's fault in hiring and training since the MPD employs many officers and the Chief

oversees not only these functions, but all functions. Finally, there is a strong interest in

protecting Chief Ramsey from suit in this case. As a supervisor, the Chief of Police

oversees extensive operations. It would be unreasonable for Chief Ramsey to be

personally liable for every action of every MPD employee. Therefore, Chief Ramsey

should be protected by absolute immunity from suit because his role as Chief of Police is

discretionary and the importance of his ability to make decisions without the threat of suit

is more important than plaintiff's interests in bringing suit since he may recover from the

District directly.


II   PLAINTIFF HAS FAILED TO STATE A CLAIM FOR NEGLIGENT HIRING,
     TRAINING, OR SUPERVISION AGAINST DEFENDANT RAMSEY IN HIS
     INDIVIDUAL CAPACITY BECAUSE HE IS NOT THE EMPLOYER OF THE
     POLICE OFFICERS IN QUESTION AND THEY ARE NOT HIS AGENTS.

The torts of negligent supervision and hiring involve situations in which the

negligence of the principal in hiring or supervising his agent has resulted in injury to a

third party. *See, e.g., Tarpeh-Doe v. United States*, 307 U.S. App. D.C. 253, 28 F.3d 120,

123 (D.C. Cir. 1994). Unlike vicarious employer liability under *respondeat superior,* a

tort of negligent supervision or hiring is one of direct negligence. *See Mitchell v. DCX,

Inc.*, 274 F.Supp.2d 33, 50 (D.D.C. 2003). Negligent supervision claims arise most

frequently in the context of employer-employee relationships, although the supervised

person need not necessarily be an employee. *See id.*, at 41 n. 14 (citing *Brown v. Argenbright, Inc.*, 782 A.2d 752, 760 n.11 (D.C. 2001) (holding that a security guard was an agent of a store even though he was really employed by a third-party security company)).

The plaintiff's claims that Chief Ramsey was negligent in hiring and supervising other police officers cannot prevail because Chief Ramsey is not the principal or master of the agent police officers. For the purpose of determining principal liability, an MPD officer's "master. . . is his employer, the District, and not the supervisory officers who are in fact his fellow employees." *Carter v. Carlson*, 447 F.2d 358, 367 n.24 (D.C. Cir. 1971) (citing *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) (describing the District of Columbia's potential *respondeat superior* liability for police officer employees)). While Chief Ramsey is nominally in charge of the MPD, he does not employ any of the other Defendant officers at issue and they are not his agents. *See id.* The plaintiff effectively concedes as much in his own Complaint, stating, "[a]t the time of Ricardo Jones' injuries, *Defendant District of Columbia* was responsible for the hiring, training, and supervision of Defendant MPD personnel." (Compl. ¶27) (emphasis added). Since Chief Ramsey may not be held liable, the claims against him should be dismissed.

III.     THE CLAIM AGAINST DEFENDANT CHIEF RAMSEY IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE IT IS DUPLICATIVE OF THE CLAIM AGAINST THE DISTRICT OF COLUMBIA.

A tort action brought against a city official in his official capacity is equivalent to an action against the city itself. *See Barnes v. District of Columbia*, 2005 U.S. Dist. LEXIS 10435 (D.D.C. 2005) (dismissing §1983 and various other tort claims against the mayor in his official capacity); *Estate of Phillips v. District of Columbia*, 257 F.Supp.2d

69, 84 (D.D.C. 2003) (dismissing intentional tort claims brought against District of
Columbia fire department officials in the official capacities). "[A] plaintiff seeking to
recover on a damages judgment in an official-capacity suit must look to the government
entity itself." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Since it is duplicative to
name both a governmental entity and the entity's employees in their official capacity,
claims against individuals named in their official capacity are "redundant and an
inefficient use of judicial resources." *Cooke-Seals v. District of Columbia*, 973 F.Supp.
184, 187 (D.D.C. 1997). Therefore, the claims against Chief Ramsey for negligent
training, hiring, and supervision and for violation of Section 1983 should be dismissed in
the interest of efficient use of the Court's resources.

IV. <u>THE  PLAINTIFF  HAS  NOT ALLEGED A VIABLE
    CONSTITUTIONAL  CLAIM AGAINST THE DISTRICT OF
    COLUMBIA</u>

As explained in *Monell v. Dep't of Social Servs. Of the City of New York,*
the District can be held liable for the plaintiff's constitutional claims only if the plaintiff
alleges facts that indicate his injury was caused by a policy or custom of the District. 436
U.S. 658, 694 (1978); See also *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824
(1985). According to the Supreme Court decision in *Monell*:

> A local government may not be sued under § 1983 for an injury inflicted
> solely by its employees or agents. Instead, it is when execution of a
> government's policy or custom. . . inflicts the injury that the government
> as an entity is responsible under § 1983. 436 U.S. at 694.

The Supreme Court further held in *Oklahoma City* that, "at the very least there
must be an affirmative link between the policy and the particular constitutional violation
alleged." 471 U.S. at 824. The court in *Oklahoma City* interpreted *Monell* as holding

that "municipal liability should not be imposed *when the municipality was not itself at fault*. Id. at 818 (emphasis added).

The court noted that a municipality is liable under § 1983 in two circumstances. Either the policy is unconstitutional, where the policy is attributable to a policy maker, or the policy is constitutional but caused an unconstitutional deprivation of rights. See *City of Oklahoma*, 471 U.S. at 824. The latter case requires more proof than a single incident to establish fault on the part of the municipality and a causal connection between the policy and the rights violation. Id. Thus, a single instance of unconstitutional activity unrelated to policy is insufficient to impose liability under against a municipality under *Monell*, supra. *Triplett v. District of Columbia*, 108 F.3rd. 1450, 1453 (D.C. 1997)(alleged practice of excessive force was not part of policy).

In the present case, plaintiff alleges that the District breached its duty to properly train, supervise, investigate and correct the improper actions of its employee police officers. Plaintiff alleges that the aforesaid omissions constitute "policies or customs that caused Mr. Harris to be stopped and detained without probable cause." (Compl. ¶¶ 28, 30). Even with all reasonable inferences taken in favor of the plaintiff, the facts alleged in the Complaint do not permit a finding of a District policy or custom not to " properly train, supervise, investigate and correct the improper actions of its employee police officers." In fact the opposite is true. In order to prevail on such a claim, plaintiff must prove that policy makers of the District of Columbia knew or should have known that that within the Metropolitan Police Department there existed a longstanding and wide spread practice of failing to properly train, supervise, investigate and correct actions of employee officers that led to plaintiff's injuries. See, *Campbell v. City of San Antonio,*

43 F.3rd. 973, 977 (1995)( Section 1983 claim against city dismissed because there is no evidence of " persistent, often repeated constant violations that constitute custom or policy."); *Jones v. City of Chicago*, 856 F.2d. 985, 995-96(7th Cir.1988)( unconstitutional practice must be department wide and long standing ).  In fact, other than the discrete incident asserted in the complaint, plaintiff's complaint fails to allege any other circumstance in which a failure " to properly train, supervise, investigate and correct the improper actions of its employee police officers" have led to the injuries which plaintiff asserts.

*Daskalea  v. District of Columbia*  , 227 F.3d 433 (D.C. Cir. 2000) is illustrative of  the necessary showing of a custom or policy proving deliberate indifference. In *Daskalea*, a female prisoner was forced to dance naked in front of guards and other inmates. This was not an isolated incident; rather the prison guards had a practice of subjecting female inmates to these unlawful acts "on at least three occasions and perhaps as often as weekly." *Id*. at 439.

The *case at bar* stands in marked contrast to the circumstances in *Daskalea*. Plaintiff's complaint asserts that the District of Columbia's failure to  properly train, supervise, investigate and correct the improper actions of its employee police officers have led to the injuries which plaintiff asserts. Such an action, assuming its truth, clearly is isolated and does not demonstrate that such alleged failures were numerous, open or notorious. Nor does plaintiff assert that any official with policy making authority was informed of the conduct.

Since plaintiff has not alleged more than a single incident, he cannot meet the standard outlined in *Monell and City of Oklahoma* to make a claim under § 1983.

Therefore, plaintiff's § 1983 claim should be dismissed as against the District because plaintiff has not set forth sufficient facts to show that his constitutional rights were violated based on a District custom, policy or practice. See, complaint generally. As such, dismissal is appropriate.

<u>CONCLUSION</u>

For the foregoing reasons and pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants District of Columbia and Chief Charles Ramsey respectfully request that the Court dismiss Plaintiff's Complaint against them.

Respectfully Submitted,

Eugene A. Adams
Interim Attorney General for the
District of Columbia, D.C.


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____
KIMBERLY M. JOHNSON (#435163)
Chief, General Litigation Section I


Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, JR. (192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625 (Fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
TY HARRIS,                              )
                                        )
                                        )
                    Plaintiff           )
                                        )
v.                                      )        CV No. 06-638( RJL)
                                        )
CHIEF CHARLES RAMSEY AND                )
THE DISTRICT OF COLUMBIA,               )
                                        )
                                        )
                    Defendants          )
                                        )
_____)

ORDER

Upon consideration of the Defendants District of Columbia and Chief Charles

Ramsey's Motion to Dismiss, the Memorandum of Points and Authorities in Support

thereof, the plaintiffs' opposition thereto, and the record herein, it is this ____day of

_____, 2005.

ORDERED: That the Motion is GRANTED; and it is further

ORDERED: that the plaintiff's complaint against the District of Columbia and

Chief Charles Ramsey be and hereby is DISMISSED.

                            _____
                              RICHARD J. LEON
                              United States District Judge