UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. 06-0638(RJL) |
| | ) |
| | ) |
| CHARLES RAMSEY, et al | ) |
| | ) |
| Defendants. | ) |

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS
DISTRICT OF COLUMBIA'S AND CHIEF
CHARLES RAMSEY'S MOTION TO DISMISS[1]

In Plaintiff's Opposition to Defendants District of Columbia's and Chief Charles Ramsey's Motion to Dismiss, Plaintiff informs the Court that he has" filed a dismissal against Chief Ramsey in his official capacity as to all counts of the complaint and in his individual capacity as to the Third Cause of Action of the Complaint: Negligent Training and Supervision."  Plaintiff's Opposition further asserts that " Mr. Harris does not dismiss the 42 USC §1983 claim against Chief Ramsey in his individual capacity and also opposes the District's argument that plaintiff cannot sustain his  constitutional claims against the District, under Monell v. Department of Social Services, 436 U.S. 658 (1978) because plaintiff has alleged only one discrete act as a violation of his constitutional rights.

Defendants submit that plaintiff may not maintain any claims against Chief Ramsey in his individual capacity because Chief Ramsey played no role in the circumstances of plaintiff's complaint. In addition, Chief Ramsey is entitled to qualified

---

[1] Chief Ramsey terminated his employment with the Metropolitan Police Department effective January 1, 2007.

1

immunity from all claims brought under 42 USC 1983. Defendants further submit that …

## PLAINTIFF MAY NOT MAINTAIN ANY CONSTITUTIONAL CLAIMS AGAINST CHIEF RAMSEY IN HIS INDIVIDUAL CAPACITY

Plaintiff has asserted a constitutional claim against Chief Ramsey in his individual capacity.. Nowhere in the Complaint is it alleged that Chief Ramsey personally acted or failed to act in a manner that might support any cause of action against him in his individual capacity. *See* Complaint, generally. A supervisor may not be held liable under a theory of vicarious liability for the alleged misconduct of his subordinates. *Palmer v. Sanderson*, 9 F.3d 1433 (1993) (applying the holding in *Monell v. Depart of Social Services*, 436 U.S. 658 (1978), in which the "Supreme Court held that Congress intended to impose liability under § 1983 only on those who 'shall subject, or cause to be subjected, any person…to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States….' Thus the Supreme Court concluded, Congress did not intend to 'impose liability vicariously on [employers or supervisors] solely on the basis of the existence of an employer-employee relationship with the tortfeasor.")

Defendant Ramsey was the Chief of the D.C. Metropolitan Police Department. *See* Complaint, at ¶ 4. In order to defend himself in this Court action, defendant Ramsey **must** be placed on notice of the specific constitutional right he violated. While plaintiff names Chief Ramsey as a party defendant, he does not specify what role he played in the plaintiff's circumstance *See* Complaint, generally. Other than make general averments with respect to Chief Ramsey's legal duties, plaintiff has not averred what specific action Chief Ramsey took or failed to take that violated his constitutional rights. No constitutional

liability exists where the State actors "had no hand in creating a danger but [simply] 'stood by and did nothing when suspicious circumstances dictated a more active role for them.'" *SeeReed v. Gardner*, 986 F.2d 1122, 1125 (7th Cir. 1993) (quoting *Kallstrom v. City of Columbia*, 136 F.3d 1055, 1066 (6th Cir. 1998); *Armijo v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1262-63 (10th Cir. 1998); *Frances-Colon v. Ramirez*, 107 F.3d 62, 64 (1st Cir. 1997); *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1176-77 (7th Cir. 1997); *Johnson v. Dallas Indep. Sch. Distr.*, 38 F.3d 198, 201 (5th Cir. 1994); *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993); *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc); *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992). Because plaintiff has not shown that defendant Ramsey took affirmative steps which violated his constitutional rights, his claims fail as a matter of law. As such, Chief Ramsey is entitled to dismissal of all constitutional claims against him.

<u>CHIEF RAMSEY IS ENTITLED TO QUALIFIED IMMUNITY<br>AGAINST THE CONSTITUTIONAL CLAIMS<br>ASSERTED IN THIS LAWSUIT</u>

It is well-settled that government officials enjoy a qualified immunity from constitutional and statutory claims against them. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Lederman v. United States*, 291 F.3d 36 (D.C. Cir. 2002). Qualified immunity arguments are especially appropriate early in the proceedings of a case. As noted by the Supreme Court:

> Where the defendant seeks qualified immunity, *a ruling on that issue should be made early in the proceedings* so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." …

*Saucier*, 533 U.S. at 200 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis added). "As a result," the Supreme Court wrote, "'we repeatedly have stressed

3

the importance of resolving immunity questions at the *earliest possible stage* in litigation.'" *Saucier*, 533 U.S. at 201 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*) (emphasis added).

In its 2001 *Saucier* decision, the Supreme Court solidified the proper analytical framework for ruling on qualified immunity arguments. 533 U.S. at 200-02. First, the trial court must determine whether, "[t]aken in the light most favorable to the party asserting the injury, … the facts alleged show the officer's conduct violated a constitutional right" *Id.* at 2001. Then, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*

Here, the defendant Ramsey is entitled to dismissal of all claims because the plaintiff's complaint, even when viewed in the light most favorable to the plaintiff, does not state a constitutional violation as it pertains to defendant Ramsey. As such, the defendant Ramsey is entitled to qualified immunity and all claims against him should be dismissed with prejudice.

<u>THE  PLAINTIFF  HAS  NOT ALLEGED A VIABLE<br>CONSTITUTIONAL  CLAIM AGAINST THE<br>DISTRICT OF  COLUMBIA</u>

Defendant's motion to dismiss filed herein argued that under *Monell v. Dep't of Social Servs. Of the City of New York*, 436 U.S. 658 (1978), the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate his injury was caused by a policy or custom of the District. 436 U.S. 658, 694 (1978); See also *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). An individual bringing a Civil Rights Act claim against a municipality must show that action

4

pursuant to official municipal policy custom or practice of some nature caused a constitutional tort. *Monell*, 436 U.S. at 691. Plaintiff must allege that some policy of the municipality was the "moving force" behind the constitutional deprivation. *Monell,* 436 U.S. at 690-691 *also see Arnold,* 980 F. Supp. at 36 (dismissing plaintiff's complaint against District of Columbia on ground that plaintiff "fail[ed] to allege that any of the defendants took an unconstitutional action pursuant to an official policy or regulation brought about by the decisions of an official with final policy making authority, or that his injuries were the result of the defendants' acquiescence to a longstanding practice or custom that constitutes the standard operating procedure of the government entity.").

A single instance of unconstitutional activity unrelated to policy is insufficient to impose liability under *Monell*. *See also, Pembauer v. City of Cincinnati* 475 U.S. 469 (1988) (single act related to policy made by final decision maker may provide basis for cause of action). A claim based on pattern, policy or custom must "…present concentrated, fully packed precisely delineated scenarios…" *Carter v. District of Columbia,* 795 F.2d 116, 125 (D.C. Cir. 1986). *See* also, *Miller v. Barry*, 698 F.2d 1259 (D.C. Cir. 1983), a case involving the alleged unlawful activity of a police officer. The *Miller* court stated:

> [t]he mere assertion that the police officer "was acting fully within the scope of his employment and pursuant to the policies of defendant ..." is not specific enough to withstand dismissal. Petitioner pointed to no rule, procedure or policy of the District which would require or even permit the alleged unconstitutional actions. In other words, he failed to allege that his claimed constitutional harm was <u>caused</u> by a "policy statement, ordinance, regulation, or decision promulgated or adopted by [defendants]."

*Id*., 698 F.2d at 1261 (emphasis in original). *See also, Hobson v. Wilson*, 737 F.2d 1, n.87 (D.C. Cir. 1984), *cert. denied*, 470 U.S. 1084 (1985).

5

At page 11 of Plaintiff's Opposition, plaintiff alleges that "he will prove that Officer Tolliver pulled him over and subjected his car to search without probable cause, which is a custom, practice and policy of the District of Columbia Police Department." In order to prevail on such a claim, defendant must prove that it is or was a long standing practice of the MPD to pull automobiles over and subject automobiles to searches without probable cause.

In support of his argument defendant cites *Amons v. District of Columbia*, et al. 231 F. Supp. 2d. 109 (2002), a case in which the Court denied a motion to dismiss a 1983 claim based on "one incident of police misconduct." The Court on *Amons*, citing *Daskalea v. District of Columbia*, 227 F3rd. 433, 441 (DC Cir. 2000) looked to the allegations of the complaint, which included the fact that the officer entered plaintiff's home without permission or a warrant, conducted a search, shot plaintiff's dog, arrested plaintiff and held plaintiff in a lock up for 22 hours sufficient to provide notice to the District, that the District condoned a policy… and had in effect ratified the conduct.

The case at bar stands in sharp contrast to the circumstances in Amons & Daskalea.. Liberally construing the complaint it appears that plaintiff was subjected to a traffic stop, detained after police officers secured the immediate area, and released.[2] Plaintiff fails to identify any specific District custom, practice, or policy that allegedly was the moving force behind his injuries. Moreover, there is an absence of any factual allegations in plaintiff's Complaint that the District knew or should have known that its customs, practices, or policies would lead to constitutional violations and that it failed to take action to prevent the violations. A single instance of alleged unconstitutional

---

[2] In *Daskalea,* a female prisoner was forced to dance naked in front of guards and other inmates. This was not an isolated incident as the prison guards had subjected female inmates to such acts on at least three occasions and perhaps weekly. Id. At 439.

conduct cannot provide the basis for municipal liability under *Monell*. Plaintiff's failure to allege specific facts that implicate a District custom, policy or practice requires dismissal of his municipality liability claim against the District.

Wherefore, based on the foregoing, defendant respectfully requests that its motion to dismiss Chief Ramsey and the District of Columbia be granted.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


Kimberly M. Johnson
_____
KIMBERLY M. JOHNSON (#435163)
Section Chief, General Litigation Section I

Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695


CERTIFICATE OF SERVICE

I certify that on the 17th day of January, 2007, a copy of the foregoing Reply memorandum was electronically served on Lynn L. Miller Esquire.

_____
Melvin W. Bolden, Jr.
Assistant Attorney General