FILED
JUN 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TY HARRIS,                          )
                                    )
        Plaintiff,                  )
                                    )     No. 06-cv-638 (RJL)
    v.                              )
                                    )
CHARLES RAMSEY, CHIEF,              )
METROPOLITAN POLICE DEPARTMENT,     )
 et al.,                            )
                                    )
        Defendants.                 )
_____)

## MEMORANDUM OPINION
(June _11_, 2007) [#20]

Ty Harris has sued former District of Columbia Police Chief Charles Ramsey ("Chief Ramsey"), the District of Columbia and Officer J.K. Tolliver for negligence, negligent training and supervision, and deprivation of Mr. Harris's Constitutional rights. Currently before the Court is the District of Columbia's and Chief Ramsey's motion to dismiss for failure to state a claim on which relief can be granted. Upon review of the pleadings and applicable law, the defendant's motion is GRANTED as to Count II of the Complaint.

## I. BACKGROUND

Mr. Harris alleges that on July 20, 2004, Officer Tolliver of the Metropolitan Police Department (MPD) stopped and searched Mr. Harris and his car without probable cause. Although Mr. Harris was soon released, he contends that Officer Tolliver was

1

verbally abusive throughout the encounter and pointed his weapon at Mr. Harris without provocation. Mr. Harris contends that the encounter caused him severe emotional trauma, extreme humiliation and indignity. Mr. Harris seeks $1.3 million in damages.

Mr. Harris has sued the District of Columbia, Officer Tolliver and Chief Ramsey, alleging that Officer Tolliver was negligent in the performance of his duties (Count I); that Chief Ramsey (in his individual capacity) and the District of Columbia violated Mr. Harris's Constitutional rights (in violation of 42 U.S.C. Section 1983) by failing to adequately train and supervise MPD officers (Count II); and that the District of Columbia was negligent in failing to adequately train and supervise MPD officers (Count III).[1] The District and Chief Ramsey have moved to dismiss Count II of the Complaint pursuant to Rule 12(b)(6) arguing that neither defendant can be found liable for Mr. Harris's alleged Constitutional injuries under Section 1983. Upon review of the record, the Court agrees.

## II. ANALYSIS

A court may dismiss a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C.Cir.1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276

---

[1] Plaintiff voluntarily moved to dismiss all counts as to Chief Ramsey in his official capacity and Count III as to Chief Ramsey in his individual capacity after defendants moved to dismiss all three counts as to Chief Ramsey.

(D.C.Cir.1994). In ruling on a motion to dismiss, the Court will liberally construe the plaintiff's complaint, but will not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.

## A. SECTION 1983 CLAIM AGAINST THE DISTRICT OF COLUMBIA

Plaintiff has sued the District pursuant to Section 1983 alleging that his injuries are a result of the District's failure to adequately train, supervise and correct MPD officers. As the Supreme Court held in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), however, a municipality cannot be held liable under Section 1983 unless the plaintiff can demonstrate that his injury was caused by a policy or custom of the municipality. *Monell,* 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). A municipality's "inaction, including its failure to train or supervise its employees adequately, constitutes a policy or custom under *Monell* when it can be said that the failure amounts to deliberate indifference towards the constitutional rights of persons in its domain." *Daskalea v. District of Columbia*, 227 F.3d 433 (D.C.Cir.2000). However, identifying one "unsatisfactorily trained officer will not alone suffice to fasten liability on a city; instead, only where a failure to train reflects a deliberate or conscious choice by a municipality, can a city be liable. *City of Canton,* 489 U.S. at 391; *Kivanc v. Ramsey*, 407 F.Supp.2d 270, 278 (D.D.C. 2006). Furthermore, a Section 1983 plaintiff must prove, in addition to a policy of deliberate indifference, a close nexus between "the identified deficiency in a city's training program and the ultimate injury." *City of Canton,*

489 U.S. at 391.

In this case, plaintiff has neither alleged that a particular MPD policy nor a specific deficiency in the MPD's training program resulted in his alleged injuries. Indeed, plaintiff does not even contend that Officer's Tolliver's conduct was part of a larger pattern of abuse that the MPD was aware of, but chose to ignore. In short, plaintiff's Complaint offers little more than a bald assertion that the District failed in its duty to adequately train its police officers. Such an assertion, without more, is insufficient to support a claim under Section 1983. Accordingly, defendants' motion to dismiss plaintiff's Section 1983 claim against the District (Count II) is GRANTED.

## B. SECTION 1983 CLAIM AGAINST CHIEF RAMSEY IN HIS INDIVIDUAL CAPACITY

Plaintiff has, likewise, sued Chief Ramsey, in his individual capacity, alleging that the Chief's failure to properly train and supervise MPD officers resulted in a violation of his Constitutional rights. As above, however, plaintiff has failed to provide sufficient factual allegations to support his claim.

It is well settled that public officials cannot be held vicariously liable for the alleged misconduct of their subordinates under Section 1983. *Monell*, 436 U.S. at 694; *Reed v. District of Columbia*, 474 F.Supp.2d 163 (D.D.C. 2007). Instead, plaintiffs seeking to make a claim against a public official under Section 1983 must demonstrate that the official personally deprived the plaintiff of his Constitutional rights.

Here, plaintiff has failed to allege any specific act on the part of Chief Ramsey that resulted in plaintiff's alleged Constitutional injury. Indeed, plaintiff has not alleged that Chief Ramsey participated in the stop and search of Mr. Harris; that he enacted a particular policy that resulted in the allegedly illegal conduct; nor that Chief Ramsey was aware of widespread abuse by the MPD and failed to take corrective action. Again, plaintiff's Complaint offers nothing more than the simple assertion that Chief Ramsey violated his duty to train and supervise MPD officers. As noted above, such bald assertions are insufficient to sustain a claim under Section 1983. Accordingly, defendant's motion to dismiss plaintiff's claim against Chief Ramsey in his individual capacity (Count II) must also be GRANTED.

## IV. CONCLUSION

For all of the above reasons, defendants's Motion to Dismiss Count II of the Complaint is GRANTED.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge