**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TY HARRIS,** | |
| **Plaintiff,** | |
| | **Civil Action No. 06-0638 (RJL)** |
| **v.** | |
| **CHARLES H. RAMSEY, CHIEF,** **District of Columbia Metropolitan** **Police Department,** *et al.,* | **July 13, 2007** |
| **Defendants.** | |

**JOINT STATUS REPORT**
**PURSUANT TO LOCAL RULE 16.3**
**AND THE COURT'S CASE MANAGEMENT ORDER**

The parties respectfully submit, by and through counsel, the following report in

accordance with Local Rule of Civil Procedure 16.3(c), and the Court's June 29, 2006,

scheduling order.

(1)    *Whether the case is likely to be disposed of by dispositive motion; and whether, if a*
       *dispositive motion has already been filed, the parties should recommend to the Court that*
       *discovery or other matters should await a decision on the motion.*

Defendants believe this action may be resolved by dispositive motion and reserve the

right to file said motion when they deem it appropriate to do so.

(2)     *The date by which any other parties shall be joined or the pleadings amended, and*
       *whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties do not agree on these issues.

Concerning the joinder of additional parties, Mr. Harris holds that joinder should take

place 90 days prior to the close of discovery.  The Defendants' position is that joinder should

occur 30 days after the entry of a scheduling order.

Concerning the amendment of pleadings, Mr. Harris holds that the parties should amend their pleadings before 60 days prior to the close of discovery. The Defendants' position is that amendment of pleadings should be as set forth in the Federal Rules of Civil Procedure.

Mr. Harris believes that some factual and legal issues may be agreed to or narrowed through the discovery process and following its conclusion.

(3)     *Whether the case should be assigned to a magistrate judge for all purposes, including a trial.*

The Defendants do not agree that a United States Magistrate Judge should preside over all matters in this case.

(4)     *Whether there is a realistic possibility of settling the case.*

There is a realistic possibility of settling this case. The Defendants will consider any reasonable settlement demand from the Plaintiff.

(5)     *Whether the case could benefit from the Court's Alternative Dispute Resolution (ADR) procedures (or some other form of ADR), what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties will consider ADR or mediation after the close of discovery.

(6)     *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.*

Mr. Harris' position is that there will be many factual disputes in his case, making summary judgment unlikely. Nevertheless, the Court should set a deadline for filing dispositive motions no later than 60 days after close of discovery, oppositions 30 days thereafter, and replies 15 days thereafter. The Court should render a decision on the motions 45 days after any replies are filed.

(7)    *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.*

The parties agree that initial disclosures be made within 20 days of the entry of a scheduling order.

(8)    *The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The extent of discovery should include all discovery processes, including, but not limited to depositions, interrogatories, requests for production of documents, requests for admissions, meeting and interviewing witnesses, and expert evaluation of Defendants' actions.

The Court should permit the parties to confer and resolve discovery disputes before seeking the Court's intervention.

The Court should provide 240 days for discovery, commencing the day after the entry of a scheduling order.

The parties agree that the Court should permit each party to serve up to 25 interrogatories, inclusive of subparts, upon each opposing party.   They further agree that the Court should also permit each party to serve up to 25 requests for production of documents upon each opposing party.  The Defendants wish to limit each party to 25 requests for admission.

The parties disagree on the number of depositions allowed.  Mr. Harris believes that each party should have the option of taking ten depositions excluding expert depositions.  Each deposition should last no longer than one business day.   Defendants state that each party should be limited to five depositions and the limitations set forth in the FRCP and local rules.

-3-

The Court should also permit the parties to use other discovery methods in Fed. R. Civ.

P. Rules 26 through 36, to the full extent these Rules permit.

(9)     *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

The parties do not know yet whether expert testimony will be necessary in this case.

Nevertheless, the parties  propose that Plaintiff's experts be designated no later than 75 days

after the start of discovery and that Defendants' experts be designated no later than 45 days

thereafter.

(10)    *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This case is not a class action, and this question is inapplicable.

(11)    *Whether the trial and/or discovery should be bifurcated and/or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that there is no need for bifurcation for trial and/or discovery.

(12)    *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

Mr. Harris requests that the Court schedule the pretrial conference 30 days after the last

of the Court's dispositive motion rulings.  If the parties do not file dispositive motions, the Court

should hold the pretrial conference within 45 days from the close of discovery.

Defendants request a status conference at the close of discovery.  Defendants agree that a

pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive

motion.  Defendants agree that a trial date be scheduled at the pretrial conference.

(13)    *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the Court should schedule the trial date at the pretrial conference.

(14)    *Answering or responding to the Complaint.*

Defendants shall have 14 days from the entry of the scheduling order to file a responsive

pleading or answer to the complaint.

A draft Scheduling Order accompanies this Report.

July 13, 2007                          Respectfully submitted,


  /s/  James R. Klimaski                        LINDA SINGER
James R. Klimaski #243543              Attorney General for the
Lynn I. Miller #941955                 District of Columbia, D.C.
KLIMASKI & ASSOCIATES, P.C.
1819 L Street NW                       GEORGE C. VALENTINE
Suite 700                              Deputy Attorney General
Washington, DC  20036-3830             Civil Litigation Division
202-296-5600

                                       _____
**Counsel for Plaintiff**              KIMBERLY M. JOHNSON # 435163
                                       Chief, General Litigation Section I

                                         /s/  Melvin W. Bolden, Jr.
                                       MELVIN W. BOLDEN, JR. # 192179
                                       Assistant Attorney General
                                       441 Fourth St., N.W.
                                       Sixth Floor South
                                       Washington, D.C. 20001
                                       (202) 724 5695

                                       **Counsel for Defendants**

**Certificate of Service**

I certify that the foregoing *Joint Status Report Pursuant to Local Rule 16.3 and the Court's Case Management Order* was served through the Court's CM/ECF Automatic Electronic Notice system on July 13, 2007, to the following counsel for Defendants:

Melvin W. Bolden
Asst. D.C. Attorney-General
Office of the D.C. Attorney-General
441 4th Street NW
6th Floor South
Washington DC  20001
202-727-3625 Fax


  */s/   Jon Pinkus*
Jon Pinkus
Klimaski and Associates, P.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TY HARRIS,

**Plaintiff,**

v.

**CHARLES H. RAMSEY, CHIEF,**
**District of Columbia Metropolitan**
**Police Department,** *et al.,*

**Defendants.**

Civil Action No. 06-0638 (RJL)

## <u>ORDER</u>

Upon consideration of the Report of the Rule 16.3 Conference from the above parties,

and the entire record herein, it is this _____day of _____ 2007, hereby

**ORDERED** that defendants shall have 14 days from the entry of this Order to file an

answer or otherwise respond to the Amended Complaint.  It is further

**ORDERED** that this case shall be placed on the "Standard" track; and it is further,

**ORDERED** that the parties shall comply with initial  disclosures required by F.R.Civ.P.

Rule 26(a)(1), within 20 days of this Court's order; and it is further,

**ORDERED** that all discovery shall be completed within 240 days of this Court's order;

and it is further,

**ORDERED** that plaintiff's expert witness designations are due within 75 days of the

entry of this order.  Defendants' expert witness designations are due 45 days after receipt of

plaintiff's designation; and it is further,

**ORDERED** that each party shall be permitted _____depositions; and it is further,

**ORDERED** that each party shall be permitted twenty-five interrogatories to be served on each of the other respective parties; and it is further,

**ORDERED** that all motions shall be filed no later than 60 days after the close of discovery; and it is further,

**ORDERED** that the opposing party shall have 30 days to respond; and it is further,

**ORDERED** that the party who filed the initial motion will then have 15 days to reply, and it is further,

**ORDERED** that in the event that this matter is not resolved by mediation or dispositive motion, a status call shall be set by the Court to schedule a  pretrial conference and trial date.

_____
RICHARD J. LEON
United States District Court Judge

Copies to Counsel
via the Court's CM/ECF
Notification system.