UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TY HARRIS, | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) Civil Action No. 06-0638(RJL) |
|  | ) |
| CHIEF CHARLES RAMSEY, <u>et al</u>. | ) |
|  | ) |
| Defendant. | ) |

**<u>ANSWER OF DEFENDANTS' DISTRICT OF COLUMBIA AND
CHIEF RAMSEY TO THE FIRST AMENDED VERIFIED
COMPLAINT FOR RELIEF</u>**

<u>First Defense</u>

The complaint fails to state a claim upon which relief may be granted.

<u>Introduction</u>

The Introduction contains plaintiff's characterization of his lawsuit to which no response is required. To the extent that a response is required, the allegations in the Introduction are denied.

<u>`Second Defense</u>

1.   Defendants acknowledge the existence of the statutory provision cited in paragraph 1 of the Complaint, but deny that jurisdiction is conferred solely by reason thereof.

2.   The allegations contained in paragraph numbered 2 are conclusions of law and of the pleader to which no response is required.

3. Defendants are without sufficient information or knowledge to either admit or deny the allegations in paragraph 3. However, to the extent a response is required, the allegations in paragraph 3 of the Complaint are denied.

4. Defendants admit that Chief Charles Ramsey was Chief of Police of the Metropolitan Police Department during times relevant to this complaint. The remaining allegations contained in paragraph numbered 4 are conclusions of law and of the pleader to which no response is required.

5. Defendants admit that the District of Columbia is a municipal government and that the MPD is an agency of the Government of the District of Columbia. The remaining allegations are conclusions of law and of the pleader to which no response is required.

6. Defendants admit that J. K. Tolliver was at times relevant to this lawsuit employed by the District of Columbia as a police officer and assigned to the Second District of the MPD. The remaining allegations contained in paragraph numbered 6 are conclusions of law and of the pleader to which no response is required.

7. Defendants incorporate by reference their responses to paragraphs one through six.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph numbered 9.

10. Defendants deny the allegations contained in paragraph numbered 10.

11. Defendants deny the allegations contained in paragraph numbered 11.

12. Defendants admit that plaintiff "got out of his car." The remaining allegations contained in paragraph numbered 12 are denied.

13. Defendants deny the allegations contained in paragraph numbered 13.

14. Defendants admit that Officer Tolliver called for "back up" and additional police officers in police cars responded to the call. The remaining allegations contained in paragraph numbered 14 are denied.

15. Defendants deny the allegations contained in paragraph numbered 15.

16. Defendants deny the allegations contained in paragraph numbered 16.

17. Defendants deny the allegations contained in paragraph numbered 17.

18. Defendants admit that someone told Officer Tolliver to check under Mr. Harris' seat. The remaining allegations contained in paragraph numbered 18 are denied.

19. Defendants deny the allegations contained in paragraph numbered 19.

20. Defendants admit that Officer Tolliver gave plaintiff his badge number when requested. The remaining allegations contained in paragraph numbered 20 are denied.

21. Defendants admit that plaintiff was allowed to leave. Defendants are without sufficient information or knowledge to either admit or deny all other allegations in paragraph 21.

22. Defendants incorporate by reference its responses to paragraph 1 through 21.

23. Defendants deny the allegations contained in paragraph numbered 23.

24. Defendants deny the allegations contained in paragraph numbered 24.

25. Defendants incorporate by reference its responses to paragraph 1 through 24.

26. Defendants deny the allegations contained in paragraph numbered 26.

27. The allegations contained in paragraph numbered 27 are legal conclusions and of the pleader to which no response is required.

28. Defendants deny the allegations contained in paragraph numbered 28.

29. Defendants deny the allegations contained in paragraph numbered 29.

30. Defendants deny the allegations contained in paragraph numbered 30.

31. Defendants deny the allegations contained in paragraph numbered 31.

32. Defendants deny the allegations contained in paragraph numbered 32.

33. Defendants incorporate by reference its responses to paragraph 1 through 32.

34. The allegations contained in paragraph numbered 34 are legal conclusions and of the pleader to which no response is required.

35. The allegations contained in paragraph numbered 35 are legal conclusions and of the pleader to which no response is required.

36. Defendants deny the allegations contained in paragraph numbered 36.

37. Defendants deny the allegations contained in paragraph numbered 37.

38. Defendants deny the allegations contained in paragraph numbered 38.

39. Defendants deny the allegations contained in paragraph numbered 39.

40. Defendants deny the allegations contained in paragraph numbered 40.

41. Defendants incorporate by reference its responses to paragraph 1 through 40.

42. The allegations contained in paragraph numbered 42 are legal conclusions and of the pleader to which no response is required.

43.     The allegations contained in paragraph numbered 43 are legal conclusions and of the pleader to which no response is required.

44.     The allegations contained in paragraph numbered 44 are legal conclusions and of the pleader to which no response is required.

Further answering the complaint, defendants deny all allegations not specifically admitted or otherwise answered and all allegations of wrong doing.

### THIRD DEFENSE

All actions performed by defendants met or exceeded the applicable standard of care, and did not rise to negligence or gross negligence.

### FOURTH DEFENSE

To the extent that plaintiff has suffered any damages alleged in the Complaint, those damages resulted from his reckless, willful, and/or wantonly negligent conduct, his concurrent or contributory negligence, or his assumption of risk.

### FIFTH DEFENSE

To the extent that plaintiff has suffered any damages alleged in the Complaint, the plaintiff failed to mitigate his damages.

### SIXTH DEFENSE

Defendants are immune from the claims in this lawsuit pursuant to the doctrines of sovereign, absolute, qualified or governmental immunity.

### SEVENTH DEFENSE

The actions of defendants were reasonably necessary to effect, maintain, and enforce the laws, statutes and or regulations of the United States and or the District of Columbia.

### EIGHTH DEFENSE

The actions of defendants were taken in good faith and with reasonable belief in their lawfulness.

### NINTH DEFENSE

The actions of the District of Columbia and its employees were discretionary decisions for which there can be no liability.

### TENTH DEFENSE

The plaintiff has failed to comply with the mandatory requirements of D.C. Code § 12-309.

### ELEVENTH DEFENSE

Defendants actions, if any, did not violate the plaintiff's constitutional and/or civil rights under the United States Constitution or 42 USC 1983.

### TWELTH DEFENSE

To the extent that plaintiff was damaged and/or injured as alleged in the Complaint, said damages and/or injuries were the result of a third party that may or may not be a party to this action.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages.

### FOURTEENTH DEFENSE

The court lacks subject matter jurisdiction over the claims asserted herein.

### JURY DEMAND

**D**efendants demand a jury of the maximum allowed by law on all issues so triable.

Respectfully submitted,

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

Kimberly M. Johnson
_____
KIMBERLY M. JOHNSON (# 435163)
Chief, General Litigation Section I

Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-5695
(202) 727-3625 (FAX)
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to the Complaint was electronically mailed James R. Klimaski, Esquire, Klimaski & Associates, PC.

Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, JR.
Assistant Attorney General