UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY HARRIS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06cv0638(RJL) |
| | ) |
| | ) |
| CHARLES RAMSEY, CHIEF, MPD, et al. | ) |
| | ) |
| Defendants. | ) |
| _____ _____ | ) |

**<u>OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>**

Defendants, by and through, their attorneys, the District of Columbia Office of the Attorney General hereby oppose Plaintiff's Motion to Compel Discovery. No sanctions. should be entered because defendant provided plaintiff at the initial stages of the case all written reports that the traffic of Ty Harris.

Plaintiff's motion to compel asserts that defendant has failed to produce " Any and all written reports concerning a traffic stop of Ty Harris on Wisconsin Avenue, N.W. near Massachusetts Avenue, N,W. on July 20, 2004 at approximately 9:00 p.m." . No discovery sanctions. should be entered against defendant in this case because defendant provided plaintiff in it's Rule 26(a) (1) disclosures at the initial stages of the case all written reports concerning the plaintiff. The reports consisted of the investigation of the Office of Police Complaints. Defendant's also produced a MPD Radio Run Tape of the incident of July 20, 2004. Defendant further disclosed as having discoverable information Sergeant J.K. Tolliver and Officers Keisha Hannibal, Gregory Rock and Robert Ferretti. All of the aforementioned officers were deposed and all testified that no

reports were generated because the incident which is the subject of the complaint was uneventful.

Subsequent to a deposition of one of the aforementioned police officers, plaintiff made a oral request to defense counsel for "run sheets" for Metropolitan Police Department vehicles that responded to the scene of the incident involving plaintiff. Counsel for the defense agreed to initiate a search to ascertain the existence of the requested run sheets. Defense counsel made inquiry of the MPD for the aforesaid run sheets and was advised that no run sheets existed for July 20, 2004. Subsequently defense counsel verbally reported to plaintiff's counsel that no run sheets existed.

The MPD search was undertaken by Sergeant Erwin Baylor of the Second Police District. Annexed hereto is a Declaration of Sergeant Baylor who attests that he made a diligent search for run sheets for July 20, 2004 and could not locate any run sheets. He also declares that records stored in the Second District record room were destroyed by water damage in June, 2006. See, Exhibit A, Declaration of Sergeant Erwin Baylor .

Wherefore, based on the foregoing, defendant submits that no sanction should be entered against it under the circumstances outlined in plaintiff's motion to compel. Plaintiff made an oral request for runs sheets for July 20, 2004. That request was communicated to the MPD.  MPD conducted a search and determined that no run sheets responsive to the request exists. This is not the case for sanctions and defendant respectfully requests that plaintiff's motion to compel be denied.

                                    Respectfully submitted,

                                    PETER J. NICKLES
                                    Interim Attorney General

        for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        Kimberly M. Johnson

        _____
        KIMBERLY M. JOHNSON  (435163)
        Section Chief, General Litigation Section I

        Melvin W. Bolden, Jr.

        _____
        MELVIN W. BOLDEN, JR.  (192179)
        Assistant Attorney General
        441 Fourth St., N.W.
        Washington, D.C. 20001
        (202) 724-5695


## CERTIFICATE OF SERVICE

    I certify that on the 30th day of May, 2008, a copy of the foregoing was served electronically on James R. Klimaski, Esquire and Megan Skulnick, Esquire.

        Melvin W. Bolden, Jr.

        _____

        Melvin W. Bolden, Jr.
        Assistant Attorney General