THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES H. RAMSEY, CHIEF, <br> District of Columbia Metropolitan <br> Police Department, *et al.*, <br><br> Defendants. | Civil Action No. 06-0638 (RJL) <br><br> Judge Richard J. Leon <br><br> June 4, 2008 |

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO HIS MOTION TO COMPEL DISCOVERY

Plaintiff Ty Harris, through counsel, respectfully submits his Reply to Defendants' opposition to Mr. Harris' Motion to Compel discovery.

Defendants oppose Plaintiff's Motion to Compel because they state that they were unable to find the requested documents, namely the requested Run Sheets from July 20, 2004.

In his May 29, 2008, Affidavit, Sergeant Erwin Baylor stated that he made a diligent search for the run sheets for July 20, 2004. However, Sergeant Baylor failed to list any of the places he searched, the amount of time that he spent searching, and whether duplicates are kept. Sergeant Baylor then stated that floods in the 2nd District MPD Police headquarters destroyed documents. But Sergeant Baylor did not directly state that the requested run sheets were destroyed by flood water.

Neither Sergeant Baylor nor opposing counsel provided any MPD documents verifying flooding at the 2nd District MPD headquarters, or a catalog of documents destroyed by flood waters.

In his Opposition to Plaintiff's Motion to Compel, opposing counsel stated that Plaintiff first requested the run sheets in February 2008, after the depositions of several officers. However, this was actually one in a long chain of requests for these routine Run Sheet documents that Plaintiff has sought since shortly after the July 20, 2004, incident giving rise to this suit.

Mr. Harris' original FOIA request to MPD — way back on November 10, 2004 — asked for these records.  The MPD did acknowledge the letter, but never produced these routine Run Sheets.

A FOIA lawsuit thus followed in the D.C. Superior Court, in Civil Action 2005 CA 007404 filed on September 12, 2005, which again sought these records that a timely FOIA request failed to elicit.

On July 31, 2007, Plaintiff — once discovery in this case had commenced — again repeated his request for the Run Sheets, this time as formal document requests to Defendants, served to them as noted on July 31, 2007.

Plaintiff requested through Mr. Bolden "any and all written reports concerning a traffic stop of Ty Harris on Wisconsin Ave N.W." on July 20, 2004, in these written discovery requests of July 31, 2007.  The Run Sheets concerning police cars appearing at the scene where Ty Harris was stopped are the routine, written reports concerning a traffic stop and other significant events that occur during an officer's shift.

Following the depositions of Officers Rock, Anderson, and Feretti in February 2008, Mr. Harris did specifically request the run sheets that each officer had turned in at the end of their shift along with all the other run sheets in that shift.

Officer Rock had confirmed Mr. Harris' testimony that there were many more officers present at the scene beyond the four, including Officer Tolliver, acknowledged by the District. During their depositions, Officers Feretti, Rock, and Anderson did not state that they did not include the stop involving Ty Harris on their run sheets, simply that they could not recall if they included the stop.

Plaintiff has also followed up and requested the run sheets on February 13, February 28, March 4 and March 19, 2008.

Defendants' counsel has now informed Plaintiff that the run sheets could not be found, and that the area where they were stored had been damaged by flood waters, but only after Plaintiff filed a Motion to Compel and a request for sanctions.

The February 2008 request for the Ty Harris related Run Sheets after the officers' depositions was just one of many, many such requests — requests first formally made in November 2004, and again in September 2005, requests which have continued throughout this lawsuit that commenced in April 2006 — meaning that MPD had more than ample notice and opportunity during all that time, prior to the water damage of records said to have occurred in June 2006, to locate and then set copies of these Run Sheets aside, whether with their own General Counsel, or the Office of the D.C. Attorney General, or its predecessor, the D.C. Corporation Counsel.

## Conclusion

Plaintiff has sought relevant documents generally, and July 20, 2004, Run Sheets specifically, not since February 2008, but since November 2004, when his FOIA request put

MPD on notice they could be subject to future litigation.  Mr. Harris made his request again with his July 31, 2007, written discovery request.

Now Defendant suggests through Sergeant Baylor's Affidavit that water damage in June 2006 may have destroyed them, a fact made known only after the filing of this Motion to Compel.

Plaintiff respectfully requests specific information concerning the lost run sheets, the flood waters, and the details of Sergeant Baylor's search for the run sheets, as discussed above.

Plaintiff also renews and reasserts his request for the sanctions sought in his Motion to Compel, and wishes to amend them to include the time and effort to produce this Reply — should the Court see fit to grant them.

Respectfully submitted,

June 4, 2008

 */s/ James R. Klimaski*  
James R. Klimaski, #243543  
Klimaski & Associates, P.C.  
1625 Massachusetts Avenue NW  
Suite 500  
Washington, DC 20036  
(202) 296-5600  
Klimaski@Klimaskilaw.com  

*Counsel for Ty Harris*

## CERTIFICATE OF SERVICE

I certify the foregoing ***Plaintiff's Reply to Defendants' Opposition to His Motion to Compel Discovery*** was served through the Court's CM/ECF Automatic Electronic Notice system on June 4, 2008, to the following counsel for Defendants:

Melvin W. Bolden
Asst. D.C. Attorney-General
Office of the D.C. Attorney-General
441 4th Street NW
6th Floor South
Washington DC  20001
202-727-3625 Fax

       **/s/   Jon Pinkus**
Jon Pinkus
Klimaski and Associates, P.C.