UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
TY HARRIS,                          )
                                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )          CV No. 06-638 (RJL)
                                    )
CHIEF CHARLES RAMSEY AND            )
THE DISTRICT OF COLUMBIA,           )
                                    )
                                    )
            Defendants              )
                                    )
_____)

MOTION TO DISMISS OR ALTERNATIVELY
FOR SUMMARY JUDGMENT

Defendant District of Columbia ("the District") and Chief Charles Ramsey and

Sergeant Jeffrey K. Tolliver by and through undersigned counsel, and pursuant to Fed. R.

Civ. P. 12(b)(6)and R 56 respectfully move this Court dismiss Plaintiff's complaint.   The

grounds for the motion are:

        1.       Sergeant Tolliver is entitled to qualified immunity.Therefore the

complaint should be dismissed as to him

        2        Plaintiff's claim of a constitutional violation as a result of any alleged

search of his vehicle should be dismissed because Sergeant Tolliver had a reasonable

belief that a weapon was secreted in plaintiff's vehicle.

        3.       The Court should not assert supplemental jurisdiction over plaintiff's

claims.

4.      Plaintiff cannot assert claims of negligent training or supervision because he failed to name an expert or provide discovery required by Rule 26 (b) (4)..

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

Kimberly M. Johnson
_____
KIMBERLY M. JOHNSON (#435163)
Chief, General Litigation Section I

Melvin W. Bolden, Jr.
_____
MELVIN W. BOLDEN, JR. (#192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington D.C. 20001
(202) 724-5695
Attorneys for Defendant

July 10, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
TY HARRIS,                                        )
                                                        )
                                                        )
                        Plaintiff,                   )
                                                        )
v.                                                      )          CV No. 06-638 (RJL)
                                                        )
CHIEF CHARLES RAMSEY AND        )
THE DISTRICT OF COLUMBIA,         )
                                                        )
                                                        )
                        Defendants                 )
                                                        )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

          The Complaint alleges that on July 20, 2004, at approximately 9:00p.m., Plaintiff

was driving on Wisconsin Avenue, N.W., when he was stopped by Metropolitan Police

Sergeant Jeffrey Tolliver on Wisconsin Avenue, N.W.. Compl. 8, 9.    Plaintiff was

pulled over because he was observed by Sergeant Tolliver changing lanes without

caution. As Sergeant Tolliver exited his vehicle, he was repeatedly told by an

unidentified driver of another vehicle who was passing by that "he put it underneath his

seat." (See Compl. ¶¶ 8, 9, 18, & Defendants' Exhibit A).  Officer Tolliver immediately

notified the Second District dispatcher and requested back up. (Defendants Exhibit A and B ).  Sergeant Tolliver, fearing that the situation may escalate, approached Plaintiff's car with his weapon at his side and requested plaintiff to get out of the car and keep his hands up.  Defendants Exhibit A, Compl.. ¶ 10).  Plaintiff exited the vehicle and walked to the rear of his automobile as directed. When the threat level de-escalated Sergeant Tolliver put his gun away. (Defendants Exhibit A).  At that point, other officers arrived at the scene..  Sergeant  Tolliver checked the vehicle and looked underneath the driver's seat .  Sergeant Tolliver did not find anything and subsequently plaintiff was released. ( Defendants' Exhibit A ).

On June 11, 2007, the Court dismissed Count II, consisting of 42 U.S. C. Section 1983 claims against the District of Columbia and Chief Ramsey. To the extent that plaintiff alleges constitutional claims against Sergeant Tollliver, defendants submit that such claims are barred under the doctrine of "qualified immunity."  Moreover, plaintiff's negligent training and  supervision claims, asserted in the Third Cause of Action, fails as a matter of law because has not identified an expert or provided discovery regarding the expert's opinions and the basis for such opinions as required by Fed. R. Civ. P. 26 (b) (4). Finally, having failed to establish a viable federal claim, this court should dismiss the remaining common law claims for lack of supplemental jurisdiction.

## STANDARD OF REVIEW

The legal standard for a motion to dismiss under Rule 12(b)(6) set forth in *Himmelman v. MCI Communications*, 104 F. Supp. 2d 1, 3 (D.D.C. 2000),  provides that a dismissal motion under this rule tests not whether the plaintiff will prevail on the merits, but instead whether or not he has properly stated a claim.  *Id*. *See Scheuer v.*

*Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); Fed. R. Civ. P.

12(b)(6). The court may dismiss a complaint for failure to state a claim only if it is clear

that no relief could be granted under any set of facts that could be proved consistent with

the allegations. *Himmelman*, 104 F. Supp. 2d at 3. *See Hishon v. King & Spalding,* 467

U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Atchinson v. D.C.*, 315 U.S. App.

D.C. 318, 73 F.3d 418, 421 (D.C. Cir. 1996). In deciding such a motion, the court must

accept as true all well-pleaded factual allegations and draw all reasonable inferences in

favor of the plaintiff. *Id. See Maljack Prods. v. Motion Picture Ass'n*, 311 U.S. App.

D.C. 224, 52 F.3d 373, 375 (D.C. Cir. 1995). The court need not, however, accept as true

the plaintiff's legal conclusions. *See Taylor v. F.D.I.C.,* 328 U.S. App. D.C. 52, 132 F.3d

753, 762 (D.C. Cir. 1997). Nor need the court accept unsupported assertions,

unwarranted inferences or sweeping legal conclusions cast in the form of factual

allegations. *Id. See Miree v. DeKalb County*, 433 U.S. 25, 27, 53 L. Ed. 2d 557, 97 S. Ct.

2490 (1977). The court may consider the allegations of the complaint, documents

attached to or specifically referred to in the complaint, and matters of public record. *See*

5A Wright & Miller, FEDERAL PRACTICE & PROCEDURE §1357 at 299 (2d ed. 1990).

Pursuant to Fed. R. Civ. P. 56 (c), summary judgment is appropriate  when there

is no genuine issue of material fact, and the moving party is entitled to judgment as a

matter of law. *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The mere existence

of a factual dispute will not preclude summary judgment. Only factual disputes that may

determine the outcome of a suit may effectively preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). To be a genuine fact, the assertion

must be supported by sufficiently admissible evidence and cannot be based on conclusory

allegations, denials or opinions. *Taylor,* 132 F.3d at 762.

## ARGUMENT

### SERGEANT TOLLIVER IS ENTITLED TO QUALIFIED IMMUNITY FOR THE CONSTITUTIONAL CLAIMS ASSERTED IN PLAINTIFF'S COMPLAINT

Qualified immunity "is an immunity from suit rather than a mere defense to

liability. . ."; thus, questions of immunity should be resolved "at the earliest possible

stage of the litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). After an assertion of

qualified immunity, public officials are protected from suit if their official acts were

"objectively reasonable" as assessed in light of the legal rules that were "clearly

established" at the time of the alleged illegal action. *Anderson v. Creighton,* 483 U.S. 635

(1987); *Siegert v. Gilley,* 500 U.S. 226, 232 (1991). Plaintiffs must prove that the

conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a

right has in fact been violated, then the court must assess "…whether it would be clear

[or foreseeable] to a reasonable officer that his conduct was unlawful in the situation he

confronted." *Saucier,* 533 U.S. at 202; *also see, Pugh v. Rockwall County,* 2000 U.S.

Dist. LEXIS 3081 (N.D. Tex. 2000). Officials can only be held liable in those instances

when plaintiffs can prove that they were "deliberately indifferent" to a known risk of

serious harm.

A police officer should prevail on the qualified immunity defense even if he is

mistaken, if a reasonable officer could have believed that the action taken was not in

violation of clearly established constitutional law. *Anderson*, 483 U.S. at 638. As noted

by Justice Scalia, "it is inevitable that law enforcement officials will, in some cases,

reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable." *Id.* at 641. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law. A police officer therefore should prevail on a claim of qualified immunity if a reasonable police officer possessing the same information could have believed that his conduct was lawful. *District of Columbia v. Evans*, 644 A.2d l008, l0l5 (D.C. 1994).

Sergeant Tolliver's actions were entirely reasonable. Tolliver observed plaintiff changing lanes without caution on Wisconsin Avenue, N.W. Plaintiff was pulled over and as Sergeant Tolliver exited his vehicle, he was repeatedly told by an unidentified driver of another vehicle who was passing by that " he put it underneath his seat." (Compl. ¶¶ 8, 9, 18, Defendants' Exhibit A). Officer Tolliver immediately notified the Second District dispatcher and requested back up. (Defendants Exhibit A and B ) Sergeant Tolliver fearing that the situation may escalate, approached Plaintiff's car with his weapon at his side and requested plaintiff to get out of the car and keep his hands up. (Compl. ¶ 10). Because plaintiff was compliant, and walked to the rear of his automobile as directed, Sergeant Tolliver quickly put his gun away.( (Defendants Exhibit A) At that point, other officers arrived at the scene. Sergeant Tolliver checked the vehicle and looked underneath the driver's seat . Sergeant Tolliver did not find anything and subsequently plaintiff was released. ( Defendants' Exhibit A ).

Clearly, Sergeant Tolliver had reason to conclude that plaintiff's vehicle should be stopped because of the manner in which plaintiff drove his vehicle. Sergeant Tolliver also had reason to believe that a threat to his safety and others existed in plaintiff's

automobile in light of the information he received from the passerby.  Any reasonable officer possessing the same information would have drawn his weapon under such circumstances until the threat to his life and others was abated.  Therefore Sergeant Tolliver should prevail on his qualified immunity defense.

.     **PLAINTIFF  CANNOT  CLAIM A COPNSTITUTIONAL VIOLATION FROM THE SEARCH OF HIS VEHICLE BECAUSE SERGEANT TOLLIVER  HAD  A REASONABLE  GOOD FAITH BELIEF THAT  PLAINTIFF WAS CARRYING A  WEAP[ON.**

The D.C. Court of Appeals has acknowledged that "[t]he determination of probable cause is an inexact judgment."  *Price v. United States*, 429 A.2d 514, 516 (D.C. 1981).  According to the D.C. Court of Appeals, "the usual test holds that probable cause exists where 'the facts and circumstances within their [the police officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed."  *Id.* (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)).   The Court of Appeals further explained that "'[the] troublesome line … is one between suspicion and probable cause.  That line necessarily must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all circumstances.'"  *Price*, 429 A.2d at 561 (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).

Furthermore, an occupant of a moving vehicle has a reduced expectation of privacy.  A search of the interior of a car therefore is constitutionally justified if it is based on a reasonable belief that the occupants pose an immediate threat.  The Supreme Court repeatedly has noted that "investigative detentions involving suspects in vehicles

are especially fraught with danger to police officers." *Michigan. v. Long*, 463 U.S. 1032, 1047-1048 (1983).

In *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), the Supreme Court held that police may order persons out of an automobile during a stop for a traffic violation, and may frisk those persons for weapons if there is a reasonable belief that they are armed and dangerous. The decision rested in part on the "inordinate risk confronting an officer as he approaches a person seated in an automobile." *Id*. at 110.  In *Adams v. Williams*, 407 U.S. 143 (1972), the Court held that the police, acting on an informant's tip, may reach into the passenger compartment of an automobile to remove a gun from a driver's waistband, even where the gun was not apparent to police from outside the car.  Again, the decision rested in part on the danger presented to police officers in "traffic stop" and automobile situations.  *Id.* at 148.  In fact, the *Adams* decision noted, "According to one study, 'approximately 30% of police shootings occurred when a police officer approached a suspect seated in an automobile.'"  *Id.* at 148, n. 3 (quoting Bristow, *Police Officer Shootings—A Tactical Evaluation*, 54 J. Crim. L. C. & P. S. 93 (1963)).

Because of these inherent dangers, the Court has held that there is a reduced expectation of privacy for those driving or riding in cars.  In *Long*, the Court explained that,

> Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect.  These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officer in

> believing that the suspect is dangerous and the suspect may gain
> immediate control of weapons.

*Long*, 463 U.S. at 1049-1051 (1983) (footnote omitted). The Court specifically held that, when making such a determination, "'[The] issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.'" *Id.* at 1051 (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)).

In a remarkably similar case, *United States v. Green*, a criminal defendant claimed that a search of his vehicle had violated his constitutional rights, and moved to suppress evidence obtained in that search. 465 F.2d 620, 621 (D.C. Cir. 1972). There, the police officers had first observed an individual operating his vehicle at a high rate of speed. After the driver ran a stop sign:

> The officers immediately turned on their flashing red dome light "in
> preparation of making a routine traffic stop." Prior to bringing appellant's
> vehicle to a halt, Officer Wells testified that when he saw appellant "his
> body was leaned over, and it appeared as though his arm was in front of
> his body, not to the side or to the rear." The officer stated that he believed
> appellant had moved his left arm and that appellant's shoulder, elbow and
> forearm were visible to him. He further testified that it did not appear that
> appellant "was going for his wallet." Both officers testified that their
> immediate reaction was that appellant was armed.

*Id.* at 621. After ordering the plaintiff from the vehicle, one of the officers leaned into the passenger compartment of the vehicle and recovered a fully loaded pistol from under the driver's seat. *Id.*

The D.C. Circuit Court of Appeals held that the officers' belief was reasonable under the circumstances, and that the search of the interior of the vehicle therefore did not violate the driver's constitutional rights, writing:

> Confronted with a speeding vehicle running a stop sign at 2:00 a.m., they
> observed the driver making furtive movements as though pulling
> something out of his belt and placing it under his seat. We believe this is a

sufficient basis upon which to uphold the limited protective search conducted here. An officer "need not defer protective measures to the point of peril. All the law requires is that he have reasonable basis for believing that his safety or the safety of others requires a search or seizure."

*Id.* at 623-24 (quoting *Young v. United States*, 435 F.2d 405, 409 (D.C. Cir. 1970)); *see also Marbury v. United States*, 540 A.2d 114, 116 (D.C. 1985) (frisk of driver permissible because, *inter alia*, police noticed large bulge in his waistband); *United States v. Thomas*, 314 A.2d 464, 467-469 (D.C. 1974) (furtive movement by passenger upon approach of police officers justified protective search of area surrounding passenger's seat).

Here, it is clear from the testimony of the Sergeant Tolliver that, at the time he checked plaintiff's vehicle, he had a reasonable belief that the plaintiff was armed and and presented a threat. This belief was based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant[ed]" his belief that plaintiff was hiding a weapon somewhere under or near the driver's seat of his vehicle.

### PLAINTIFF CANNOT ASSERT CLAIMS OF NEGLIGENT TRAINING AND SUPERVISION BECAUSE HE HAS NOT NAMED AN EXPERT AND PROVIDED THE APPROPRIATE 26(B)(4) STATEMENTS

Courts generally require expert testimony regarding the standard of care in cases concerning allegations of negligent police operations, supervision and training. *See Smith v. District of Columbia, et al.*, 882 A.2d 778, 792-793 (D.C. 2005) (requiring expert testimony on claims of failure to train, supervise and discipline police officers); *Griggs v. Washington Metropolitan Area Transit Authority, et al.*, 2002 U.S. Dist. LEXIS 18413; *District of Columbia v. White*, 442 A.2d 159, 164-165 (D.C. 1982) (requiring

expert testimony concerning adequacy of MPD's weapons safety training); *District of Columbia v. Peters*, 527 A.2d 1269 (D.C. 1987) (requiring expert testimony for training police regarding confrontations with people under the influence of narcotics); *Holder v. District of Columbia*, 700 A.2d 738, 741-742 (D.C. 1997) (stating that police use of force is an issue beyond the kin of the average jury).

In this case, discovery is now closed and plaintiff has not named an expert as required by Rule 26(b)(4). Without expert testimony plaintiff will be unable to establish the applicable standard of care and a deviation from that standard, relating to police training, supervision and retention.   Thus, Count III should be dismissed.

### THE COURT SHOULD NOT ASSERT SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S COMMON LAW CLAIMS

Plaintiff has failed to allege a viable federal claim against the District defendants. To the extent this Court believes plaintiff has set forth remaining viable common law claims, this Court should dismiss those claims for lack of supplemental jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966) (holding that in those instances when federal claims are dismissed, the federal court may decline to exercise "supplemental jurisdiction" for any remaining state claims).  The balance of factors to be considered by the court under the "supplemental jurisdiction doctrine" are: a) judicial economy, b) convenience, c) fairness, and d) comity. *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988).

It is a well-founded principle that federal courts should avoid making needless decisions concerning state law in an effort to allow the state courts to make decisions on laws well within their expertise.  Moreover, when the court has not expended any resources in a case in which the federal claims have been disposed of early in the

litigation, the interest of judicial economy and convenience are better served by the

federal court declining to assert jurisdiction over any possible remaining state claims. *See*

*Edmondson & Gallagher v. Alban Towers Tenants Ass'n.,* 48 F.3d 1260 (D.C. Cir. 1995).

This Court should decline jurisdiction over the remaining claims so as to promote

the interests of fairness and judicial economy.  Accordingly, plaintiff's remaining

common law claims should be dismissed.

Based upon the foregoing, defendants respectfully request that their motion to

dismiss or for summary judgment be granted.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

Kimberly M. Johnson
_____
KIMBERLY M. JOHNSON
  DC Bar (#435163)
Chief, General Litigation Section I

Melvin W. Bolden, Jr.
_____
  MELVIN W. BOLDEN, JR.
  DC Bar (#192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington D.C. 20001
(202) 724-5695
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
TY HARRIS,                               )
                                         )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )CV No. 06-638 (RJL)
                                         )
CHIEF CHARLES RAMSEY AND                 )
THE DISTRICT OF COLUMBIA,                )
                                         )
                                         )
            Defendants                   )
                                         )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1      The Complaint alleges that on July 20, 2004, at approximately 9:00p.m., Plaintiff

was driving on Wisconsin Avenue, N.W., when he was stopped  by  Metropolitan  Police

Sergeant  Jeffrey  Tolliver on Wisconsin Avenue, N.W.  Compl.. 8, 9. Exhibit A .

 2.    . Plaintiff  was pulled over because  he was observed by Sergeant Tolliver changing

lanes without caution. As Sergeant Tolliver  . exited his vehicle he was repeatedly told by

an unidentified driver of another vehicle who was passing by that " he put it underneath

his seat"  (Compl. ¶¶ 8, 9, 18,  Defendants' Exhibit A).

3.     Officer Tolliver immediately notified the Second District dispatcher and requested

back up (Defendants Exhibit A and B ) Sergeant Tolliver fearing that the situation may

escalate  approached Plaintiff's car with his weapon at his side requested plaintiff to get

out of the car and keep his hands up.  (Compl. ¶ 10, Defendants' Exhibit A).

4.      Plaintiff was very compliant, exited the vehicle and walked to the rear of his

automobile as directed. When the threat level  de-escalated Sergeant Tolliver  put his gun

away.( (Defendants Exhibit A) At that point other officers arrived at the scene.. Sergeant

Tolliver  checked the vehicle and  looked underneath the drivers seat.  Sergeant Tolliver

did not find anything and subsequently plaintiff was released. ( Defendants'  Exhibit A )..

 5.     On June 11, 2007, the Court dismissed Count II, consisting of Section 1983

claims against the District of Columbia and Chief  Ramsey. To the extent that plaintiff

alleges  constitutional claims against Sergeant Tollliver, defendants submit that such

claims are barred under the doctrine of "qualified immunity"

6.      Moreover, defendants submit that plaintiffs should not be permitted to assert

claims on negligent training and  supervision as in the Third Cause of Action in the

complaint for failure to identify an  expert and provide during discovery information

required by R 26 (b) (4). Plaintiff has not provided defendant with any expert's opinions

and or the factual basis for such opinions...

           Respectfully submitted,

           PETER J. NICKLES
           Interim Attorney General for the
           District of Columbia

           GEORGE C. VALENTINE
           Deputy Attorney General
           Civil Litigation Division

           Kimberly M. Johnson

           _____
           KIMBERLY M. JOHNSON (#435163)
           Chief, General Litigation Section I

Melvin W. Bolden, Jr.

_____
MELVIN W. BOLDEN, JR. (#192179)
Assistant Attorney General
 441 Fourth St., N.W.
Sixth Floor South
Washington D.C. 20001
(202) 724-5695
Attorneys for Defendant
 Melvin W. Bolden, Jr.
 Assistant  Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
TY HARRIS,                                          )
                                                    )
                                                    )
              Plaintiff,                            )
                                                    )
v.                                                  )CV No. 06-638 (RJL)
                                                    )
CHIEF CHARLES RAMSEY AND                            )
THE DISTRICT OF COLUMBIA,                           )
                                                    )
                                                    )
              Defendants                            )
                                                    )
_____)

ORDER

        Upon consideration of defendants' Motion to Dismiss of For Summary Judgment,

plaintiff's opposition thereto, and the record herein, it is this _____day of July,

2008,

        ORDERED: that defendants' motion is Granted; and it is

FURTHER ORDERED: plaintiff's  complaint is dismissed with prejudice.


                                    _____
                                          RICHARD J. LEON
                                    UNITED STATES DISTRICT JUDGE