UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TY HARRIS,

    Plaintiff,

    v.

CHARLES H. RAMSEY, CHIEF,
District of Columbia Metropolitan
Police Department, *et al.*,

    Defendants.

Case No. 1:06-cv-00638-RJL
Judge Richard J. Leon

July 23, 2008

### PLAINTIFF'S STATEMENT OF GENUINE ISSUES
### OF MATERIAL FACTS IN DISPUTE

Plaintiff Ty Harris, through counsel, respectfully submits this Statement of Genuine Issues of Material Facts in Dispute.

1. Mr. Harris testified he "was simply driving along the street as any other motorist was it seems likely to me that Mr. Tolliver pulled me over for some reason that had absolutely nothing to do with me driving recklessly or running a — disobeying a traffic signal or a stop sign or someone informing him that my car was stolen" (Harris Deposition 42: 6-16).

2. Officer Tolliver, or any other officer, did not issue Mr. Harris a ticket or citation for speeding, erratically changing lanes, or violating any traffic law. (Harris Deposition 45:1; 63: 11-13; Tolliver Deposition 26:15-16).

3. Officer Tolliver did not question Mr. Harris about drinking alcohol that evening, using drugs, or anything related to speeding or changing lanes erratically. (Tolliver Deposition 38: 7-13).

4. Mr. Harris did not know why he was pulled over and repeatedly asked the officers the reason he was pulled over, frisked and his vehicle searched. (Harris Deposition 55: 16-17).

5. After Officer Tolliver pulled Mr. Harris over, no officer, including Officer Tolliver, told Mr. Harris that the stop was for speeding or erratically changing lanes. (Harris Deposition 39: 7-10).

6. The first time Officer Tolliver stated that Mr. Harris was speeding was during an interview by the Office of Police Complaints on April 28, 2005, nine months after the incident on July 20, 2004. (Office of Police Complaints Report, 4/28/05).

7. On the tape of the radio run, Officer Tolliver did not state that he was pulling Mr. Harris over because he was speeding or erratically changing lanes. (Radio run transcript).

8. Officers Robert Feretti, Gregory Rock and Keisha Anderson[1] did not hear over the radio that Officer Tolliver pulled over Mr. Harris due to speeding or erratically changing lanes. (Rock Deposition 12: 6-8; Anderson Deposition 20: 7-10; Feretti Deposition 5: 9-14).

9. Officers Rock, Anderson and Feretti never testified that they heard Officer Tolliver admonish or warn Mr. Harris about the dangers of speeding and erratically changing lanes.

10. Officer Tolliver never alleged that the unknown man in the passing car said Mr. Harris had a weapon or any other illegal contraband or anything that would cause Officer Tolliver to fear for his safety. (Tolliver Deposition 9: 12-14).

11. Officer Tolliver did not know the unknown man who allegedly told him that Harris put "it" under his seat. (Tolliver Deposition 10: 16-17).

12. Officer Tolliver did not have any conversation with the unknown driver. (Tolliver Deposition 10:20-21; 11:1-2).

---

[1] Officer Anderson's maiden name is Hannibal, and some documents in this case refer to her as Hannibal.

13. Officer Tolliver did not find a weapon on Mr. Harris or in his vehicle.  (Tolliver Deposition 14: 8-9).

14. Officer Tolliver never stated in his deposition or interview with the Office of Police Complaints that he personally saw Mr. Harris with a dangerous weapon.

15. Officer Tolliver never stated in his deposition or interview with the Office of Police Complaints that he personally saw Mr. Harris make any suspect or furtive movements while following him and pulling him over.

16. Officer Tolliver never stated in his deposition or interview with the Office of Police Complaints that another police officer saw Mr. Harris with a dangerous weapon.

17. Officer Tolliver never stated in his deposition or interview with the Office of Police Complaints that another officer saw Mr. Harris make any suspect or furtive movements before or after Officer Tolliver pulled Mr. Harris over.

18. Officer Tolliver never stated in his deposition or interview with the Office of Police Complaints that a known and trusted confidential informant or MPD special employee informed him that Mr. Harris was armed or in possession of a weapon, drugs or contraband.

19. Officer Tolliver never stated in his deposition or interview with the Office of Police Complaints that MPD or another enforcement agency, alerted officers to be on the look out for an armed, African American man with dreadlocks driving a Honda Civic.

20. Officer Tolliver never stated in his deposition or interview with the Office of Police Complaints that he knew Mr. Harris before July 20, 2004, or had any reason to believe he was a violent criminal.

                Respectfully submitted,

                **KLIMASKI & ASSOCIATES, P.C.**

July 23, 2008            */s/ James R. Klimaski*
James R. Klimaski, #243543
Lynn I. Miller, #941559
Megins S. Skolnick, #498452

Klimaski & Associates, P.C.
1625 Massachusetts Avenue NW
Suite 500
Washington, DC 20036-2245
202-296-5600
Fax: 202-296-5601
Klimaski@Klimaskilaw.com

***Counsel for Ty Harris***