# OFFICE OF POLICE COMPLAINTS REPORT

| OFFICE OF POLICE COMPLAINTS<br>Washington, D.C.<br>Officer/Complainant/Witness Statement | OPC Complaint No.<br>04-0324 | |
|---|---|---|
| 1. Statement of: (Last, first, MI)<br>Tolliver, Jeffery K. | 2. DOB:<br>On File | 3. Badge No.<br>S270 |
| 4. Home Address: (Organizational element for Officers)<br>3320 Idaho Avenue NW (Second District) | 5. Home Phone: | 6. Work Phone:<br>202 282-0034 |
| 7. Name of Investigator Taking Statement:<br>Anthony Lawrence, Senior Investigator | 8. Date/Time Interview Started:<br>04/28/05, 2:10pm | |

Statement:

I do not recall the exact date of this incident. I'm normally assigned to working the evening tour in the Second District PSA 204. On the date of this incident, I observed a vehicle changing lanes without caution traveling on Wisconsin Avenue NW. I was traveling about a half block away from the car and traveling in the same direction. I do not recall which direction the vehicle was traveling. I believe I conducted the traffic stop in the vicinity of Wisconsin and Massachusetts Avenue NW. As I exited my marked police cruiser, I was told by an unidentified driver of another vehicle that the driver of the car I had stopped "He put it underneath his seat." The unidentified driver shouted repeatedly that "he put it underneath his seat." I took the unidentified persons statement as being a precautionary statement to me indicating that the driver of the car might have had a gun or weapon underneath the front seat within his wing span. The driver of the other vehicle drove away before I could obtain the tag number of the car. I immediately advised the 2-D zone dispatcher of the situation and requested back up. I wanted to make sure that back up was notified of the situation and of my location. In addition, I was concerned that the driver may have heard the warning from the unidentified driver and therefore the situation may escalate. I approached the vehicle with my weapon at my side. When I approached the car, the driver had his hands on the steering wheel. I told the driver to get out of the car. The driver of the car was very compliant and exited the car. I walked him to the rear of the car in the event that a gun was inside the car, so that we would not be in the proximity of the weapon. As we were walking back to the rear of the car, I holstered my firearm. The threat level had de-escalated. I felt the driver was being compliant. While at the rear of the vehicle, I explained the situation to the driver. At that point, Officers Gregory Rock and Kesha Hannibal arrived on the scene.

I HAVE READ THIS STATEMENT OR HAD IT READ TO ME. I FULLY UNDERSTAND IT AND CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RECOLLECTION. I UNDERSTAND THAT MAKING OF A FALSE STATEMENT IS PUNISHABLE BY CRIMINAL PENALTIES (D.C. CODE SECTION 22-2504).

Signature of Person Giving Statement

| Date/Time Interview Ended:<br>04/28/05  3:15pm. | Investigator Signature: |
|---|---|
| Witness Printed Name:<br>Jeff Weber | Witness Signature: |
| Supervisor Initials: | Page 1 of 2 Pages |

OPC Statement Form, January 2005

DEFENDANT'S EXHIBIT A

OPC Statement Form Continuation

| Name of Person Providing Statement: | OPC Complaint No: |
|---|---|
| Jeffery Tolliver | 04-0324 |

(Statement - Continued):

I advised them of the situation and told them to standby with the driver while I checked the vehicle. I looked underneath the drivers seat. I did not find anything. I went back to the driver and apologized to him for what had happened. I felt bad because the driver was removed from the vehicle based on false information. Therefore I decided not to issue the NOI. The driver of the vehicle was very upset. The driver requested my name and badge number. I provided this information to him. At no time during this incident did I use profanity toward the driver. I did not point my weapon at the driver's abdomen. I did not point my weapon at the driver's face. I did not point my weapon at the driver because I felt that the threat level did not justify that. I try to avoid any actions that would require me doing a UFIR unless absolutely necessary. There was no UFIR in this case. A couple days after this incident, the driver called the station while I was in Lt. Rock's office. I apologized to the driver again about this incident.

Senior Investigator Anthony Lawrence assisted me in the typing and preparation of this statement.

END

Page 2 of 2 Pages

OPC statement Form Continuation Page, January 2005