UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TY HARRIS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  06-0638 (RLJ) |
| | ) |
| CHARLES RAMSEY, *et al.* | ) |
| | ) |
|     Defendants. | ) |

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

The Defendants, District of Columbia ("the District"), Charles Ramsey ("Ramsey"), Sergeant Jeffrey Tolliver ("Tolliver") through undersigned counsel, hereby files this Reply Brief to Plaintiff's Opposition to the District's Motion to Dismiss or, in the alternative, for Summary Judgment, stating:

In opposition to the District's motion, Plaintiff advances two arguments: 1) that Sgt. Tolliver is not entitled to qualified immunity because the stop of Plaintiff's vehicle was illegal; 2) expert testimony is not necessary to prove the standard of care regarding proper police training procedures and whether, in this case, the District violated that standard of care.  Both of these arguments fail, as a matter of law, and the Defendants urge this Court to grant it's motion.

    **I.**    **It Is Immaterial Whether The Stop Was Legal – Only That The Officer Was Under The Reasonable Belief That The Stop Was Legal**

Plaintiff argues that Sgt. Tolliver is not entitled to qualified immunity because he illegally stopped Plaintiff's vehicle.  Plaintiff's focus on the legality of the stop misses the point.  The inquiry is not whether the stop was legal or illegal but whether the officer had a reasonable belief

that the stop was supported by probable cause. The case law on this point is clear. A police officer should prevail on the qualified immunity defense even if he is mistaken, if a reasonable officer could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson,* 483 U.S. at 638. As noted by Justice Scalia, "it is inevitable that law enforcement officials will, in some cases, reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials - like other officials who act in ways they reasonably believe to be lawful - should not be held personally liable." *Id.* at 641. A police officer therefore should prevail on a claim of qualified immunity if a reasonable police officer possessing the same information could have believed that his conduct was lawful. *District of Columbia v. Evans,* 644 A.2d 1008, 1015 (D.C. 1994).

Sgt. Tolliver indicated that he saw Plaintiff make an illegal lane change and decided to make a traffic stop. *See* Exhibit A. A reasonable officer in Sgt. Tolliver's position could have, and likely would have believed that a traffic stop in that circumstance was supported by probable cause. At that point, Sgt. Tolliver was entitled to request that the Plaintiff exit the vehicle for Tolliver's safety. See *Pennsylvania v. Mimms,* 434 U.S. 106 (1977). When he was told by the driver of another vehicle that Plaintiff was possibly armed, Sgt. Tolliver was certainly justified in pulling his weapon from its holster. *See* Exhibit A. Plaintiff has produced no affidavit testimony or other evidence relating to his claim that Sgt. Tolliver did not receive information regarding the Plaintiff possibly secreting a gun. In fact, Plaintiff concedes that Sgt. Tolliver provided this same explanation on the scene of the occurrence shortly after Plaintiff was stopped. *See* Plaintiff's Opposition at pg. 3. Thus, that facts material to the disposition of this motion are not in dispute. Sgt. Tolliver's actions were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time he stopped Plaintiff's vehicle. *Anderson*

2

*v. Creighton,* 483 U.S 635 (1987); *Siegert v. Gilley,* 500 U.S. 226, 232 (1991). Therefore, his claim must be dismissed.

    **II.**    **<u>Plaintiff Must Have Expert Testimony To Prove Standard Of Care And The Defendants' Deviation From That Standard</u>**

    Plaintiff argues that expert testimony is not necessary to prove the standard of care regarding proper police training procedures and whether, in this case, the District violated that standard of care. Plaintiff argues that the District's deviation from its duty to train and supervise Officer Tolliver is well within the realm of common knowledge and everyday experience. Basic principles of negligence require a plaintiff to prove the existence of a duty of care owed to the plaintiff, a breach of that duty by the defendant, proof that the breach proximately caused the plaintiff's injury, and damages. Plaintiff cannot, without expert testimony, meet his burden of proof regarding the District's duty of care nor whether, under established principles of police practices, that duty was breached by the District. Generally, a Plaintiff is required to produce expert testimony regarding the standard of care in cases concerning allegations of negligent police operations, supervision and training. *See Smith v. District of Columbia, et al.,* 882 A.2d 778, 792-793 (D.C. 2005); *Griggs v. Washington Metropolitan Area Transit Authority, et al.,* 2002 U.S. Dist. LEXIS 18413; *District of Columbia v. White,* 442 A.2d 159, 164-165 (D.C. 1982); *District of Columbia v. Peters,* 527 A.2d 1269 (D.C. 1987); *Holder v. District of Columbia,* 700 A.2d 738, 741-742 (D.C. 1997). The Plaintiff must also aver, and ultimately prove, that defendants' failings were substantial factors in bringing about the harm complained of. *Kivanc v. Ramsey*, 407 F. Supp. 2d 270 (2006).

    In *Smith v. District of Columbia*, just as in the case at bar, the Plaintiff's negligence claim was also based on police use of excessive force. The District of Columbia Court of Appeals was

confronted with the question of whether the District was entitled to a directed verdict where Mr. Smith's theory was that the MPD Officer's use of excessive force resulted from the District's failure to properly train, supervise and discipline police officers. *Smith*, 882 at 792. The Court determined that it was "fatal to [plaintiff's] negligence count [that] Mr. Smith introduced no expert testimony pertaining to the standard of care." *Id.* at 793. The Court went on to hold that in order to prevail in a negligence action, the plaintiff must prove "the applicable standard of care, a deviation from that standard of care by the defendant, and a causal relationship between that deviation and the plaintiff's injury." *Id. See also Etheredge v. District of Columbia*, 635 A.2d 908 at 917 (1993). Because the applicable standard of care in cases of this kind is beyond the ken of the average lay juror, expert testimony is required. *Smith, supra* at 793; *See also Holder v. District of Columbia*, 700 A.2d 738 (1997). Thus, the Court held, because Mr. Smith did not present a basis independent of excessive force to support his negligence count, and because he failed to introduce expert testimony as to the applicable standard of care, the Court of Appeals held that the trial court properly directed a verdict in favor of the District on his negligence claim.

In this case, the Plaintiff's negligence claim is based on the District's failure to properly train, supervise, investigate, and correct improper actions of MPD officers. *See* Complaint Count VII. Discovery is now closed and plaintiff has not named an expert as required by Fed. R. Civ. P. Rule 26(a)(2). Without expert testimony plaintiff will be unable to establish the applicable standard of care, a deviation from that standard relating to police training, supervision and retention, or proof that the breach caused his injuries. Without such evidence, Plaintiff's negligence count must fail, as a matter of law.

Respectfully submitted,

PETER J. NICKELS
Acting Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/S/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/S/   Darrell Chambers
DARRELL CHAMBERS [980872]
Assistant Attorney General
441 4TH Street, NW, Suite 600 South
Washington, D.C.  20001
202-724-6539
e-mail: darrell.chambers@dc.gov
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of AUGUST, 2008, a copy of the foregoing, Defendant's Reply to Plaintiff's Opposition to Defendant's Motion To Dismiss Or In The Alternative For Summary Judgment was served electronically upon:

James R. Klimaski, Esquire
Lynn I. Miller, Esquire,
Megins S. Skolnick, Esquire
Klimaski & Associates, P.C.
1625 Massachusetts Avenue, NW
Suite 500
Washington, D.C. 20036
Counsel For Plaintiff



/S/   Darrell Chambers
DARRELL CHAMBERS